[No. 6085. Decided September 11, 1906.]

M. L. FLETCHER et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

MUNICIPAL CORPORATIONS—STREETS—ORIGINAL ESTABLISHMENT OF GRADE—DAMAGES TO ABUTTING OWNER. An abutting property owner cannot claim that he has been damaged by the original establishment of a grade, where the grade is a reasonable one and the work has been properly done; since the dedicator or his grantee must be held to have consented to the right of the city to graduate and improve its streets (overruled).

ON REHEARING.[2]

SAME. In view of Bal. Code, § 745, providing that damages arising to abutting property from the original grading of a street may be ascertained and assessed against the property, the dedicator of

[1]Reported in 86 Pac. 1046.

[2]Reported in 88 Pac. 843.

an addition will not be held to have consented to a reasonable original establishment of a grade, but the city is liable to an abutting owner for damages to his property caused thereby.

SAME—STATUTES—TITLE OF ACT. The title of the act, Laws 1893, p. 189, relating to the right of eminent domain is sufficient to cover sections of the act relating to the opening of streets by cities and the payment of a compensation by reason of the damaging of property by such opening and establishment of grades.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 29, 1905, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for damages for the original grading of a street. Reversed.

*Scott Calhoun* and *O. B. Thorgrimson,* for appellant.

*F. M. Jeffery,* for respondents.

DUNBAR, J.—Without making a specific statement of this case, the contention of the appellant is that a city is not liable for damages for the original grading of a street, where such grade is a reasonable one and the work is properly done. The court below, in an action for damages under such a state of facts, decided that the city was liable, judgment was entered for the claimants, and this appeal is taken from such judgment.

This question has never been squarely presented to this court, although the appellant relies somewhat on the case of *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; but while several questions were rather liberally discussed in the opinion rendered in that case, the question before the court was whether, under the constitutional provision, art. 1. § 16, that no property should be taken or damaged for public or private use without just compensation having been first made, damages were recoverable by the owner of land abutting upon a street for any permanent injury inflicted upon such abutting land by any material change of grade, or obstruction to the abutter, where the dam-

ages thus inflicted exceeded the benefits derived from the grading or other improvement. A distinction has been made by the authorities between an action for damages for the original establishment of a grade and an action for damages for a change of grade. But whether or not this distinction is a sound one, we think it may be, especially where a grade has been finally established and improvements have been made with reference to such establishment. We do not care to extend the doctrine announced by the *Brown v. Seattle* case, nor apply it to a case of original establishment of a grade, for it seems to us the right to grade the streets must necessarily be implied in the dedication, or the dedication is practically meaningless. The streets are dedicated for the purpose of giving access to the adjoining lots, or of making such lots available for residence or business purposes, and the value of the lots necessarily depends upon the maintenance of streets upon which they abut. This element of value must have been taken into consideration by the dedicator, and he ought not to be heard to demand damages for the establishment of a reasonable grade, or the maintenance of a reasonable road which must be established or maintained to make his property available as town or city property, the character which he sought to impress upon it when he filed his plat and dedicated the streets. The power to grade and improve streets and to make them convenient for public use is conferred upon municipalities. It is conferred for a purpose, and it is the duty of the municipality to exercise it in a reasonable way, and if it were not exercised the municipality obviously could not exist, thereby preventing the very object of the dedication. Every consideration of public policy as well as of private morals ought to compel the dedicator or his grantee to accept, without reward, the natural and necessary results of his own act.

This view of the law is so tersely and so well expressed by Mr. Dillon, in his work on Municipal Corporations, Vol. 2

(4th ed.), § 995, that we cannot do better than to reproduce it here and indorse it.

"When, under such legislation, an owner dedicates without restriction land for a public street, he must be taken to consent, for the reasons stated in a previous section, that the public authorities may determine grades, and possibly what future changes in grades may be necessary or desirable for the public convenience. He must contemplate that hills within the limits of the street will be reduced from the natural surface, making a cut; that ravines and low places therein will be filled up to the ordained grade or level, leaving an embankment in front of the abutting property. The right to make such improvement of the street for street purposes would seem to be embraced in his grant or dedication to the public. If lands for a street are unconditionally acquired by eminent domain, the right thus to graduate and improve the street for street uses proper is included in the compensation awarded. In view of these considerations, it seems to us clear that for the original establishment of a grade line and the reduction of the natural surface of the street for street purposes to such line, there is no legal right or even natural equity in the dedicator or his assignee to compensation. . . . For the reasons above suggested, it seems to us that, on principle, the mere provision of the constitution imposing a liability for property damaged for public use does not create a liability on the part of the municipality for reducing the natural surface of the street, in the course of its normal and ordinary improvement for street purposes proper, to a grade line for the first time established. If there are cases to the contrary we doubt whether they were well considered and think that they are not well decided."

The conclusion which we have arrived at on this question renders it unnecessary to determine the other questions discussed in the briefs. The judgment will be reversed, and the case remanded, with instructions to dismiss the action.

MOUNT, C. J., ROOT, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.

ON REHEARING.

[Decided February 18, 1907.]

DUNBAR, J.—This case involves a claim for damages caused by the original establishment of a grade in a street in the city of Seattle. The trial court held that the city was liable to an abutting owner for damages caused by the original establishment of the grade of the street, and upon appeal from a judgment in his favor to this court the judgment was reversed, and it was here decided that a city was not liable to an abutting owner for damages caused by the original establishment of the grade of the street dedicated by him to it where the grade was a reasonable one and the work was properly done; that in the absence of a statutory right to such damages, they could not be collected for the reason that the value of the lots adjoining such street necessarily depends upon the maintenance of the streets upon which they abut, and that this element of value must have been taken into consideration by the dedicator, and that he ought not to be heard to demand damages for the establishment of a reasonable grade or the maintenance of a reasonable road which must be established or maintained to make his property available as town or city property, the character which he sought to impress upon it when he filed his plat and dedicated the streets, and the judgment of the lower court was therefore reversed. *Ante,* p. 627, 86 Pac. 1046. On petition for rehearing, however, a statute was cited which had not been called to the attention of the court, nor considered by the court in the disposition of the cause, and upon considering such statute a rehearing of the case was ordered. Such rehearing has been had and the case is again here for determination. The statute which it was claimed by the respondent confers the right to damages in such case is § 5096 of Pierce's Code (Bal. Code, § 745), being section 47 of chapter 84 of the Laws of 1893, page 189. The section is as follows:

"Sec. 47. If any street, avenue or alley, or the right to use and control the same for purposes of public travel, shall belong to any city, and such city shall establish a grade therefor, which grade requires any cut or fill, damaging abutting property, the damages to arise from the making of such grade may be ascertained in the manner provided in this act, but such city may provide that the compensation to be made for such damage, together with the accruing costs, shall be added to the cost of the labor and material necessary for the grading thereof, and shall be paid by assessment upon the property within the local assessment district defined by law or the charter or ordinances of such city in the same manner and to the same extent as other expenses of such improvement are assessed and collected. In such case it shall not be necessary to procure the appointment of commissioners or take the other proceedings herein provided for making such assessment, but all the proceedings for the assessment and collection of such damages and costs, shall, if so ordained by such city, be governed by the charter provisions, law or ordinances in force in such city for the assessment and collection of the cost of such improvements upon property locally benefited thereby: *Provided, however,* That this section shall apply only to the original grading of such street, avenue or alley."

It is contended by the learned counsel for the city that the right is not conferred by this section, that the statute should be strictly construed, and that it does not contemplate a cause of action for consequential damages; that it merely provides that where a street is graded in such a manner as to damage abutting property, the city may provide that the compensation to be made for such damages should be assessed to the cost of the grading, and assessed against the abutting property in the manner provided by the charter provisions in force in said city for the assessment and collection of cost of such improvement on the property benefited thereby, and that if a cause of action had been given for such class of damages the grant would have been express and explicit; that the object of the statute is to enable the city to include damages for actual trespass upon private property in the

construction of the improvement, and that the damage re·
ferred to should be construed to be such damage as the prop-
erty owner has the right of action for under other statutes
or constitutional provisions, or by force of the common law.
It does not seem to us that this position is tenable. We think
the word "damages" used in the section has the same signi-
ficance and meaning that it has in other sections of the same
act, and that it was used in its broad sense and includes con-
sequential damages. We see no reason why this provision
of the law should be segregated from the other provisions,
and a different construction placed upon it, or why the pro-
visions of the act in relation to the assessment of the damages
should not apply to it as it does to the other sections, and
if it does the right of compensation is equally granted.

It was said that the title of the act shows that it is legis-
lation concerning the exercise of the right of eminent domain,
but we think the title is sufficient to cover the section ob-
jected to equally as well as the other sections in the act, and
is was evidently the intention of the legislature to pass an act
covering the whole subject of openin~ streets, and of pro-
viding methods of making compensation for damages where
damages followed. The title not only provides for the ex-
ercise of the right of eminent domain, but, also, the taking and
damaging of land and property for public purposes, and sec-
tion 1 of the act empowers the city to condemn and also
empowers it to *damage* any land or other property for the
purpose of opening streets. Section 2 says, when the corpora-
tion authorities of any such city shall desire to condemn land
or other property *or damage the same* for any purpose au-
thorized by this act such city shall provide, etc. In this case
the city had the power to damage the respondents' land, and
it was found that it did damage it and it damaged it
in a way that it was authorized by § 47 of this act; namely,
by establishing a grade on the street upon which their prop-
erty abutted. And this idea is manifested throughout the act.
That the section does not contemplate such damages as are

caused by an encroachment or actual trespass upon the lands, of the owner, as is suggested by the appellant, is manifest from the language of the section itself which evidently contemplates that the work will be upon the street and not upon the abutting property.

We are unable to find any more ambiguity in this section than in any other provision of the act, and under its provisions the plaintiffs are entitled to such damages as they can show they have suffered. The question of public policy and expense to the city are questions which are purely legislative. The other minor questions involved we think were properly determined by the trial court. And in view of the construction which we are constrained to give the statute discussed, we are forced to the conclusion that the former judgment of this court was wrong, and the judgment of the lower court will therefore be affirmed.

HADLEY, C. J., RUDKIN, MOUNT, FULLERTON and ROOT, JJ., concur.