[No. 11918.   Department Two.   July 22, 1914.]

JULIUS JOHANSON, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

EMINENT DOMAIN—ACTION FOR DAMAGES—REMOVAL OF LATERAL SUPPORT—TRIAL—INSTRUCTIONS.   In an action against a city for damages in grading a·street, by reason of undermining the support and foundation of plaintiff's lot and the explosion of dynamite in such a manner as to burst plaintiff's water pipes and loosen the earth under his house and the lateral support of the ground upon which the house was located, thereby causing the earth in front of the house to slide, the theory of the case is based upon the physical injury or direct invasion of property rights, under the constitutional inhibition against damaging private property for public use without just compensation, and not upon the negligent acts of the defendant, and hence instructions basing right of recovery upon the negligence of defendant were erroneous.

PLEADING—ADMISSIONS—NECESSITY OF PROOF.   Where the complaint in an action for damages against a city alleges that the necessary claim therefor was filed with the city, and was not denied by defendant, proof of such filing is unnecessary upon the trial.

Appeal from a judgment of the superior court for King county, Humphries, J., entered November 13, 1913, upon the verdict of a jury rendered in favor of the defendant, in an action in tort.   Reversed.

*Million & Houser* and *George Friend*, for appellant.
*James E. Bradford* and *C. B. White*, for respondent.

MOUNT, J.—This action was brought by the plaintiff to recover damages to his property caused by a slide.

It is alleged in the complaint that the contractor employed by the city to grade Westlake avenue, in performing the work, undermined the support and foundation of the plaintiff's lot, caused dynamite and other high explosives to be exploded in such a manner as to burst the plaintiff's water pipes and loosen the earth under the plaintiff's house and the lateral support of the ground upon which the plaintiff's

[1]Reported in 141 Pac. 1032.

house was located, thereby causing the earth in front of the plaintiff's house to slide toward Westlake avenue, and by reason thereof the plaintiff's property was damaged in the sum of $1,000. The complaint also alleged:

"That within thirty days after the plaintiff suffered said damage, as aforesaid, he did on the 19th day of January, 1911, present to the said city of Seattle, as provided by the laws and the ordinances of said city, a claim in writing for damages to said property."

The contractor was not made a party; at least was not served with the complaint. The city, only, appeared in the action, and denied generally all the allegations of the complaint, except the paragraph above quoted with reference to the presentation of the claim. For an affirmative defense, it was alleged that the damage which was caused to the plaintiff's property, if any, was caused solely by the negligence of the plaintiff. Upon these issues, the cause was tried to the court and a jury. A verdict was returned in favor of the defendant, and the action was dismissed. The plaintiff has appealed.

Several errors are alleged, but these errors are all based upon instructions to the jury. The court instructed the jury as follows:

"I instruct you that the plaintiff can not recover in this action unless he has proven by a fair preponderance of the evidence that the defendants, or either of them, were guilty of some negligence in the manner of doing the grading complained of herein. The burden of proving such negligence is upon the plaintiff. It is not sufficient for it to appear from the evidence that the defendants, or either of them, were guilty of some negligent act or acts, and that such negligent act or acts might have caused the injury complained of.

"In order to find a verdict for the plaintiff, you must find by a fair preponderance of the evidence that not only such negligent act or acts were performed, but that such negligent act or acts were the proximate cause of the injury. If you find therefrom that the injury complained of naturally followed from the grading of Westlake avenue, then I instruct

you that, as the city had the right to cause the grading to be done, and the defendant, Holt & Jeffery, was acting under a contract with the said city to do said work, neither defendant is liable in this action, and you should find a verdict for the defendants.

"I charge you that you cannot return a verdict for the plaintiff in this case unless you believe from a fair preponderance of the evidence, either that the grading in question was negligently done, or that the plan of the improvement was unreasonable in view of the requirements of the improvement district, or that the work was both negligently performed and the plan thereof was unreasonable. If the plan of the grade was reasonable and the work done without negligence, there can be no recovery."

The court also instructed the jury as follows:

"The jury are instructed the plaintiff cannot recover in this case unless the acts of the defendants in grading said Westlake avenue were the proximate cause of the slide which caused the injury, and if you believe from the evidence that the slide occasioning the injury was caused or materially contributed to by the character of the ground or by the manner in which the plaintiff filled in his lot, or from any other cause than the acts of the defendant, then you should return a verdict in favor of the defendants.

"You are instructed that, if you find from the credible evidence in the case that there was a probability of a slide without a regrade, that is, if a slide would have occurred notwithstanding the acts of the defendants complained of here, your verdict must be for the defendant."

It appears from the facts in the case that Westlake avenue is a city street running nearly north and south along the west shore of Lake Union, in the city of Seattle. Crockett street intersects Westlake avenue and runs nearly east and west up the hillside. A block west from Westlake avenue is a street known as Lake Terrace. Plaintiff's property is located on the west side of Lake Terrace street or avenue, and is about 40 feet higher than Westlake avenue. In other words, between the plaintiff's property and Westlake avenue is a street

and a block of land. The plaintiff's property is located on the hillside.

In the year 1907, the city council of Seattle passed an ordinance providing for the regrading of Westlake avenue. Condemnation proceedings were had under that ordinance, but the plaintiff's property, more than a block away from the street, was not included in the condemnation action. Afterwards a contract for doing the work was let to Holt & Jeffery, contractors, and the work was thereafter completed. Subsequently the plaintiff's property was damaged by reason of slides occurring on the hillside.

One of the defenses of the city was that the damage was not caused by the regrading of Westlake avenue. There is sufficient evidence in the record upon which the jury might have found in favor of the respondent upon this issue. The last two instructions above quoted are clearly right when applied to the facts; because, if the regrading of Westlake avenue was not the cause of the slides upon the appellant's property, the appellant was clearly not entitled to recover; and that is, in substance, what the court told the jury by these two instructions.

But the other instructions, we are satisfied, were clearly erroneous. The action was not based upon negligence of the city, but was based upon the fact that the city graded the street, and thereby caused the slides upon the plaintiff's property. This case upon this point is controlled by *Farnandis v. Great Northern R. Co.*, 41 Wash. 486, 84 Pac. 18, 111 Am. St. 1027, 5 L. R. A. (N. S.) 1086. In that case we said:

"The effect of our decisions, as above stated, is to hold that for a physical injury or direct invasion of property rights, damages are recoverable under the provisions of the constitution that 'no private property shall be taken or damaged for a public or private use without just compensation having been first made.' It follows, of course, that the liability does not depend upon the degree of care or skill used to prevent damage. The question whether the damage to the buildings situated one hundred and twenty feet away from

the nearest point of appellants' tunnel was caused by the re-
moval of the lateral support of the soil or by shaking the
earth by blasts was a question for the jury. But in either
event the liability of the appellants was the same whether the
damage was caused with or without negligence."

And that is true in this case. If the damage to the appel-
lant's property was caused by the regrading of the avenue,
whether negligent or careful does not matter. No question
of negligence was presented by the complaint in this case;
and it was error for the court to tell the jury that the appel-
lant could not recover in this action unless it was proven by
a fair preponderance of the evidence that the defendants, or
either of them, were guilty of some negligence in the manner
of doing the grading complained of, and that such negligent
act or acts were the proximate cause of the injury. We are
satisfied, under the rule in the *Farnandis* case above cited,
that the three instructions first above quoted were erroneous
and should not have been given, because the appellant's right
to recover for the damages, if any, caused by the city, does
not depend upon the negligence or care exercised by the con-
tractors who did the work. It is true, the jury found a ver-
dict in favor of the respondent, and there was evidence suf-
ficient upon which the jury might have found that the dam-
age to the appellant's property was not caused by the city
at all, or by the contractors who did the grading upon West-
lake avenue, or by reason of that grade. But the jury may
have found that the work done by the city or by the con-
tractors employed by the city was carefully and skillfully
done, and for that reason alone returned a verdict in favor
of the respondent, as was required by the instructions given.

It is argued by the respondent that the appellant was not
entitled to recover at all, because it was not proved that a
claim for damages was filed by the appellant within the time
required. The respondent relies upon *Casassa v. Seattle*, 75
Wash. 367, 134 Pac. 1080, to the effect that it is necessary
to file a claim for damages of this character. But in this

case it is alleged in the complaint that a claim was filed with the city, and that allegation is not denied. It is therefore admitted. It was not necessary, therefore, for the plaintiff to prove that a claim was filed with the city.

The judgment is therefore reversed, and the cause remanded for a new trial.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.