[No. 12143.   Department One.   December 15, 1914.]

JOSEPH SCHUSS *et al., Respondents,* v. THE CITY OF
CHEHALIS, *Appellant.*[1]

MUNICIPAL CORPORATIONS — STREETS — IMPROVEMENT — ORIGINAL
GRADE—RIGHT OF ABUTTERS. In the absence of negligence, the city
is not liable to abutting owners for the removal of lateral support
in making the original grade of a dedicated street wholly within the
limits of the street; and since the dedication implies the right to
make an original grade, Const., art. 1, § 16, prohibiting the taking or
damaging of property for public use without just compensation has
no application.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered November 12, 1913, upon the ver-
dict of a jury rendered in favor of the plaintiffs, in an action
for damages through the removal of lateral support.   Re-
versed.

*W. A. Reynolds,* for appellant.

*Albers & Allen,* for respondents.

Gose, J.—This is an action to recover damages for the
sliding of soil from the plaintiffs' lots in consequence of the
removal of lateral support in making an original grade. The
defendant has appealed from an adverse verdict and judg-
ment.

The facts are these:   The respondents' lots are situated
in the appellant city, upon a hillside.   The formation of the
lots is soapstone or shale rock, overlaid with gumbo and black
soil.   In grading the street, the city made a vertical cut of
about six and one-half feet at or near the line of the respond-
ents' lots but wholly within the limits of the street.   The
slope of the hill was such as to require a cut on the upper side
of the street and a fill on the lower side.   The depth of the
cut was thought necessary in order to equalize the cut and
the fill, so as to best accommodate the owners of the property

[1]Reported in 144 Pac. 916.

on both sides of the street. The complaint alleges that the work was negligently done, and that the city encroached upon the respondents' property. There is no evidence, however, that the city encroached upon the respondents' property or that it was negligent in carrying on the work, other than the admitted fact that it removed the lateral support in the manner stated. Counsel for the respondents admit these facts. They say in their brief: "The case before the trial court was one for damages by reason of the removal of lateral support through the negligent acts of the appellants."

The court instructed that the respondents were entitled to damages flowing from the removal of lateral support by the city. The appellant excepted to this instruction.

It has become the settled law in this state that there can be no recovery for the removal of lateral support by a city in making an original grade, where the grading is done wholly within the limits of the street, in the absence of evidence tending to show that the city was negligent in the prosecution of the work. This rule is grounded upon the principle that, in dedicating a street, the dedicator impliedly grants the right to grade it so as to make it usable, and so as to make the surrounding property accessible. *Fletcher v. Seattle*, 43 Wash. 627, 86 Pac. 1046, 88 Pac. 843; *Ettor v. Tacoma*, 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061; *Wood v. Tacoma*, 66 Wash. 266, 119 Pac. 859; *Stern v. Spokane*, 73 Wash. 118, 131 Pac. 476, 46 L. R. A. (N. S.) 620; *Rettire v. Yakima*, 75 Wash. 143, 134 Pac. 199; *Casassa v. Seattle*, 75 Wash. 367, 134 Pac. 1080; *Jones v. Gillis*, 75 Wash. 688, 135 Pac. 627.

In the *Fletcher* case, plaintiffs' property was located on the eastern slope of Beacon Hill in the city of Seattle. There was a cut of seventeen feet in front of their property. The soil was sandy and gravelly. It was alleged in the complaint that the city knew the condition of the soil at the time it made the cut, and that the plaintiffs' property would cave and slide unless a retaining wall was constructed. The record shows that evidence was offered in support of these averments.

One of the plaintiffs was asked this question: "Since the grading was done, state whether or not you have done anything with reference to putting in a bulkhead?" and answered: "Yes. I had to put in a retaining wall to keep the dirt from falling down all the time and clogging up the sidewalk." These facts do not clearly appear in the opinion. We have examined the record and make this statement because the case seems not to have been clearly understood by the bar. In that case, the court said:

"We do not care to extend the doctrine announced by the *Brown v. Seattle* case, nor apply it to a case of original establishment of a grade, for it seems to us the right to grade the streets must necessarily be implied in the dedication, or the dedication is practically meaningless. The streets are dedicated for the purpose of giving access to the adjoining lots, or of making such lots available for residence or business purposes, and the value of the lots necessarily depends upon the maintenance of streets upon which they abut. The element of value must have been taken into consideration by the dedicator, and he ought not to be heard to demand damages for the establishment of a reasonable grade, or the maintenance of a reasonable road which must be established or maintained to make his property available as town or city property, the character which he sought to impress upon it when he filed his plat and dedicated the streets. The power to grade and improve streets and to make them convenient for public use is conferred upon municipalities. It is conferred for a purpose, and it is the duty of the municipality to exercise it in a reasonable way, and if it were not exercised the municipality obviously could not exist, thereby preventing the very object of the dedication. Every consideration of public policy as well as of private morals ought to compel the dedicator or his grantee to accept, without reward, the natural and necessary results of his own act."

In the *Ettor* case, there was a fill ten or twelve feet in height in front of plaintiffs' property. We there said:

"In the absence of some statute, a municipal corporation is not liable for damages resulting from the original grading of a street, alley, or avenue, either within the original cor-

porate limits or in any addition thereto. The power to establish grades is incident to its charter, and is implied from the dedication. It was so held in *Fletcher v. Seattle*, 43 Wash. 627, 86 Pac. 1046, 88 Pac. 843."

In *Wood v. Tacoma*, in making an original grade, the street and alley adjoining the plaintiff's property were raised above the surface of their lots, thereby casting the surface water upon her property during the season of heavy rains. In holding that the city was not liable for damages, the court said:

"It is now established law in this state that damages cannot be recovered for consequential injuries to private property occasioned by the original grading of streets and alleys. The dedication of streets and alleys to the public use implies an agreement of the dedicator and his successors in interest that the city may establish grades and improve the streets and alleys thereto in aid of such use. *Ettor v. Tacoma*, 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061; *Fletcher v. Seattle*, 43 Wash. 627, 86 Pac. 1046, 88 Pac. 843; Laws 1909, p. 151, § 1 (Rem. & Bal. Code, § 7815); 4 Dillon, Municipal Corporations (5th ed.), § 1684."

We also said:

"Injuries resulting from the reasonable exercise of a legal power are consequential, and cannot be made the basis of recovery."

The *Casassa* case was an action for damages for the sliding of the soil of plaintiffs' lots caused by the removal of lateral support in re-grading certain streets. The right to change the grade and make the cut and take lands sufficient for a one to one slope had been determined and compensation paid before the work was done. Upon these facts the court said:

"This is neither an original grade, damage from which would be now held without injury under *Ettor v. Tacoma*, 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061, nor a change from an original grade, for which no condemnation had been made."

The city in making an original grade is liable only for injuries resulting from the negligent exercise of its legitimate powers. *Wood v. Tacoma, supra.*

The respondents have cited and rely upon Const., art. 1, § 16; *Parke v. Seattle*, 5 Wash. 1, 31 Pac. 310, 32 Pac. 82, 34 Am. St. 839, 20 L. R. A. 68; *Brown v. Seattle*, 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161; *Smith v. Seattle*, 18 Wash. 484, 51 Pac. 157, 63 Am. St. 910; *Smith v. Seattle*, 20 Wash. 613, 56 Pac. 389; *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Farnandis v. Great Northern R. Co.*, 41 Wash. 486, 84 Pac. 18, 111 Am. St. 1027, 5 L. R. A. (N. S.) 1086; *Seattle v. McElwain*, 75 Wash. 375, 134 Pac. 1089; *Jorguson v. Seattle*, 80 Wash. 126, 141 Pac. 334; *Johanson v. Seattle*, 80 Wash. 527, 141 Pac. 1032.

The section of the constitution cited provides that:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner." Const., art. 1, § 16.

We have seen that the right to make an original grade is implied in the grant of dedication. Hence, in making such grade, in the absence of negligence, there is neither a taking nor damaging of private property.

In the *Parke, Brown*, and *Smith* cases, it does not appear whether the grade was an original one or a regrade. If they are original grade cases, they were overruled in the *Fletcher* case, in so far as they hold that a property owner may recover damages flowing from a removal of lateral support in making an original grade. In the *Kincaid* case, in grading the street the slopes and the fill were extended onto the plaintiff's lots. The right to so encroach upon his property had not been acquired by condemnation or otherwise. In the *Farnandis* case, the defendant had constructed a tunnel underneath the city of Seattle, in part under its own property and in part under streets and alleys. The tunnel was near the plaintiff's property. The construction of the tunnel caused the soil of the plaintiff's property to sink, settle and subside and the buildings to partially collapse. Upon these facts,

it was held that the plaintiffs could recover without proving negligence.

In the *McElwain* case, it was said that, in an original grade, the city is not liable for consequential damages, but that the rule does not mean that the city can encroach upon abutting property "nor remove lateral support to the soil upon abutting property." The question of the removal of lateral support was not before the court. This fact is made clear in the opinion. The language therefore was not necessary to a decision. The *Jorguson* and *Johanson* cases are regrade cases.

There being no evidence of an encroachment upon the respondents' property or of negligence in the prosecution of the work, the city is immune from liability.

The judgment is reversed, with directions to dismiss the action.

Crow, C. J., Chadwick, Parker, and Morris, JJ., concur.