[No. 16760. Department Two. November 14, 1921.]

GEORGE CLARK et al., Respondents, v. THE CITY OF OLYMPIA, Appellant.[1]

MUNICIPAL CORPORATIONS (568)—CLAIMS—TIME FOR FILING—EVIDENCE. It cannot be objected that a claim against a city was not filed within the thirty days required by Rem. Code, § 7998, where the evidence shows damage to property through the negligence of the city occurred during the latter part of the month of January and the claim was filed on February 17.

SAME (566) — CLAIMS — RECITALS — SUFFICIENCY. The "items of damages" required under Rem. Code, § 7998, to be set out in a claim against a city are sufficiently specified where the claim sets out in detail the making of a street improvement, a description of the property, the character of the soil, the removal of lateral support, the extent of the slide, and the damages suffered.

SAME (190) — STREETS — IMPROVEMENT — DAMAGES — REMOVAL OF LATERAL SUPPORT. A city is liable for removal of lateral support to property in making an original grade of the street, where it negligently leaves a clay bank exposed, since it is chargeable with knowledge that the bank is likely to slide when subjected to the action of the elements.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered September 12,

[1]Reported in 201 Pac. 755.

1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages through the removal of lateral support. Affirmed.

*George R. Bigelow* and *William W. Manier*, for appellant.

*Geo. F. Yantis*, for respondents.

MAIN, J.—The purpose of this action was to recover damages to real property, claimed to be due to the negligence of the defendant in improving one of its streets. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of $400. Motions for judgment notwithstanding the verdict and, in the alternative, for a new trial were made and overruled. The defendant appeals.

The appellant city is a municipal corporation of the third class, one of the streets of which is Brawne avenue. The respondents own property which abuts upon this street. During the latter part of the year 1919, the appellant improved the street by grading and graveling, but the grade thereof was not made lower than the previously established grade. After the improvement was completed, the surface of the property of the respondents was from four to fifteen feet above the street level. In making the improvement the lateral support of the abutting property was removed except for a one to three slope; that is, for every three feet of elevation, the slope extended into the street one foot. The soil of the bank left exposed was of a clay formation and such as was likely to disintegrate and slide when subjected to the operation of the elements. During the latter part of January, 1920, a slide occurred which extended back on the lot from six to ten feet. There was evidence from which the jury could find that a one to three slope, taking into considera-

tion the character of the soil, was not sufficient to sustain the bank.

After the slide occurred, and on February 17, 1920, the respondents filed a claim with the appellant for damages. It is first contended that this claim did not comply with the statutory requirement in that it was not filed in time and did not contain the "items of damages" claimed by the respondents. The statute, Rem. Code, § 7998 (P. C. § 665), among other things, requires that a claim shall be filed within thirty days after the time when the damages occurred and shall contain the items of damages. The evidence, as appears from the facts already stated, shows that the slide occurred during the latter part of January, 1920, and that the claim was filed on February 17, 1920. There is no merit in the contention that the claim was not filed within the time.

As to the items of damage, the claim sets out in detail the description of the property, the making of the improvement, the character of the soil, the removal of the lateral support, the extent of the slide, and claims damages in the sum of $600. The damages claimed were those resulting to real property and were specified in one item. The claim was sufficient in this respect. *Allbin v. Seattle,* 98 Wash. 275, 167 Pac. 922.

Upon the merits, it is claimed that there was no showing that the appellant city had been guilty of negligence in making the improvement. The evidence shows that the bank was of a clay formation and, as one witness stated, was "treacherous material in lots of ways." The character of the soil was such that the bank was likely to slide when subjected to the operation of the elements, and this fact was known to the officers and agents of the appellant, or they were charged with knowledge thereof. It should be stated

that the evidence was conflicting upon this question, but it presented a matter for the determination of the jury. The case falls within the rule of the cases of *Lochore v. Seattle,* 98 Wash. 265, 167 Pac. 918, and *Allbin v. Seattle, supra,* where it was held that the city is liable for the removal of lateral supports to property in making an original grade of the street, where such city was negligent in leaving a clay bank exposed, knowing, or being charged with knowledge, that it would result in disintegration of the bank and the sliding thereof when the same was subjected to the action of the elements. The appellant relies upon the case of *Schuss v. Chehalis,* 82 Wash. 595, 144 Pac. 916, but the two cases above cited as controlling are the latest expressions of this court upon the question, and the present case is controlled by the holdings in those cases.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.