[No. 18650.　*En Banc.*　January 5, 1925.]

## J. F. FENTON *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

EMINENT DOMAIN (43)—MUNICIPAL CORPORATIONS (191)—IMPROVE-MENTS—"TAKING" OR "DAMAGING" PROPERTY—INSTRUCTIONS. In an action against a city for the removal of lateral support by an un-reasonable grade of a street, an instruction on the subject of liability for an "encroachment" on plaintiff's lot is without prejudice to plaintiff, where there was no encroachment on or "taking" of any portion of the lots.

MUNICIPAL CORPORATIONS (190)—STREETS—IMPROVEMENT—ORIGINAL GRADE—DAMAGES—REMOVAL OF LATERAL SUPPORT. A city is not liable for the removal of lateral support by the original grade of a street, causing a slide, in the absence of negligence, where there was no encroachment upon the lot.

TRIAL (89)—INSTRUCTIONS—INCONSISTENCY. In an action against a city for the removal of lateral support in grading a street, instruc-tions are not prejudicially inconsistent or misleading, where three grounds are given on which the recovery may be based, stating that one or more of those questions must be answered in the affirmative to entitle plaintiff to recover, and later stating that the burden was upon plaintiff to establish every material allegation of the complaint.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 18, 1923, upon the verdict of a jury rendered in favor of the defend-ants, in an action for damages through the removal of lateral support. Affirmed.

*Geo. F. Hannan,* for appellants.

*Thomas J. L. Kennedy* and *Geo. A. Meagher,* for respondent.

TOLMAN, J.—The plaintiffs Fenton and wife seek re-covery of damages claimed as the result of injuries inflicted upon their lots 9 and 10, of block 36, Gilman's Addition to Seattle, by the city's alleged unreasonable

[1]Reported in 231 Pac. 795.

and negligent establishing and physical construction
of the original grade of the street upon which the lots
front. A trial upon the merits in the superior court
for King county sitting with a jury, resulted in ver-
dict and judgment denying to the Fentons recovery in
any sum, from which they have appealed to this court.

The claims of error necessary to here notice relate
only to instructions given by the court to the jury. By
their complaint the Fentons allege:

"That heretofore the city of Seattle has caused a
grade to be established along said street so as to make
a cut of sixteen feet four inches along the property
belonging to these defendants. That said grade as es-
tablished is unreasonable. That said city has caused
the said street to be graded and in making said grade
it has removed the lateral support of said plaintiffs'
premises so that the premises and the house situated
thereon will slide into the street. That the manner of
doing said work by the city is negligent and would
necessarily cause damage to plaintiffs' property. That
the negligence of the city consists in the following:
The cut is too deep, the character of the soil is such
that a slide must necessarily follow from said cut; that
there is a light top soil and under this top soil is a
stratum of clay and under this stratum of clay there
is a stratum of blue clay; that all of such soil is of
such character that through the action of the elements
it will wash away. That the injury is a continuing in-
jury and the damage a continuing damage. That de-
fendant has actually invaded plaintiffs' property and
taken a strip ranging from four to ten feet off their
lots. That the value of lot 9, by reason of the prem-
ises, has been decreased in the sum of at least $2,000;
and of lot 10 has been decreased in the sum of at least
$800."

There was evidence introduced in behalf of the
Fentons tending to show the following facts:

The lots lie upon a hillside above the street. Some
ten to twelve feet below the surface of the lots they

are underlaid with a stratum of blue clay of such nature as to cause the surface to settle and slide towards the street if their lateral support, consisting of the natural ground in the street, be removed to a depth of more than six or seven feet. The city excavated the street along the front line of the lots to a depth of some twelve feet or more, with a view of establishing the grade at that level. The surface of the lots then began to slide and settle, which caused injury to the dwelling house thereon. The city authorities, seeing their mistake in so attempting to establish and construct the grade, refilled against the front of the lots to a depth of several feet, with a view of making a slope down to the roadway across the parking for a distance of some thirty feet, but such refilling did not constitute an effectual lateral support as the natural condition of the ground in the street had done, evidently because such filling could not be made as solid as the natural ground had been. Just before the excavation of the street was made, Mrs. Fenton alone signed a paper requesting that the city make a vertical cut in front of the lots one foot back from the lot line. This she did with a view of building a retaining wall upon this one foot, three feet high, and then sloping the surface of the yard down to the top of the wall. She signed this paper at the request of the city authorities having the work in charge, and upon being informed by them that the cut at the front line of the lots was to be only six feet deep. Neither of the Fentons consented to any excavation of the street at the street line to any greater depth than six feet. An excavation of more than six feet at the front line of the lots was not necessary to the establishment and construction of a reasonable grade of the street. The evidence introduced in behalf of the Fentons tending to show these facts was in a considerable measure contradicted by

the evidence introduced in behalf of the city. It is conceded that the evidence was sufficient to carry the case to the jury.

The trial court gave to the jury the following instruction:

"If you find from the evidence that the plaintiffs herein requested the city of Seattle to encroach upon their property and that the city by reason of said request did encroach upon the property according to the directions of the plaintiffs herein and by reason of such request, then such plaintiffs are not entitled to recover damages from the city of Seattle by reason of such encroachment. *If you find from the evidence that the city encroached upon plaintiffs' property without obtaining permission of the plaintiffs herein to encroach thereupon, then such encroachment is not a taking of the property, for the plaintiffs have the right to use such property thus encroached at their pleasure.* But if you find that such encroachment was a damage to the property and that such encroachment was made without the permission of the plaintiffs, then the measure of damages by reason of such encroachment, if a depreciation in the market value, is the difference between the cash market value of the property as a whole immediately preceding the encroachment and the fair cash market value of the property as a whole immediately subsequent thereto."

Counsel for the Fentons contend that the portion of this instruction which we have italicized was erroneous to their prejudice. The argument seems to be that, to whatever extent the city encroached upon the lots, it amounted to a taking of such portions of the lots as distinguished from the mere damaging of them. We think the evidence tends to show nothing more than a damaging of the lots by encroaching upon them in making the grade, as distinguished from a taking of any portion of them. There is nothing in this record or evidence warranting the assumption that the city was attempting to acquire or did acquire possession

of or title to any portion of the lots; that is, the city's liability, if liable at all, was a liability for damage to the lots, and not a liability for taking any portion of them. In *Milwaukee Terminal R. Co. v. Seattle,* 86 Wash. 102, 149 Pac. 644, where there was drawn in question the right of a property owner to compensation for the city's making a fill in the construction of a street so that the slope extended out and encroached upon the adjoining private property, Judge Crow, referring to § 16, art. I, of our constitution, giving property owners the right to compensation for the "taking" or "damaging" of their property for public use, speaking for the court, said:

"Where both terms are included, the word 'damaged' should be held to cover injuries to property where there is no direct taking of the land itself; that is, where the owner is not deprived of title to any of the land, but where the land has been so injured or damaged as to cause a direct loss to the owner. In this case, appellant still owns the fee of the land over which the slope is to be constructed, and can convey the same, or make any use of it which it may desire, subject to the right of the city to maintain the slope."

Manifestly, all that the city has done here at most is to take away the lateral support. This may be a damage for which the Fentons are entitled to compensation, but it is not a taking of any portion of their lots. We think the instruction was not erroneous to their prejudice.

The trial court also gave to the jury the following instruction:

"If the original grade is a reasonable one, and the work is done in a careful and prudent manner in making the improvement, the property owner cannot recover by reason of the fact that after such original grade is made his property may be left above the elevation of the graded street or below the elevation of the graded street.

*"In such original grading of a street the city owes no duty to the abutting property owner of erecting a bulkhead or retaining wall to maintain the lateral support, that is, the natural conditions of the land bordering on the street, nor is the city obliged to provide drainage for such property, nor, in the absence of negligence, is it the duty of the city to keep the property from sliding."*

The portion of this instruction which we have italicized is claimed by counsel for the Fentons to have been erroneous to their prejudice.

If this instruction seems uncertain and misleading, the fault is ours rather than that of the trial court. In a long line of decisions cited in *Schuss v. Chehalis,* 82 Wash. 595, 144 Pac. 916, the law became settled, as is there said:

"It has become the settled law in this state that there can be no recovery for the removal of lateral support by a city in making an original grade, where the grading is done wholly within the limits of the street, in the absence of evidence tending to show that the city was negligent in the prosecution of the work. This rule is grounded upon the principle that, in dedicating a street, the dedicator impliedly grants the right to grade it so as to make it usable, and so as to make the surrounding property accessible."

But in *Lochore v. Seattle,* 98 Wash. 265, 167 Pac. 918, 7 A. L. R. 800, followed by *Allbin v. Seattle,* 98 Wash. 275, 167 Pac. 922, and *Clark v. Olympia,* 117 Wash. 506, 201 Pac. 755, this court held that, in making the original grade, it was negligence for the municipality to leave a clay bank exposed and unprotected, when it knew, or should have known, that such exposure would result in disintegration and the consequent sliding of the soil above. It may be that, in a proper case, we shall have to consider whether the negligence in the last mentioned cases is "negligence in the prosecution of the work" as specified in the *Schuss* case, but that

question is not now before us. The instructions complained of do not confine the right to recover to negligence in the prosecution of the work, but permitted a verdict for the plaintiff if any negligence was found, hence it was broad enough to comply with the rule of the last three cases and there was no error.

In the beginning of the court's instructions, the issues were stated by the court to the jury as follows:

"The issues for you to determine from the pleadings in this case are,

"First: Is the grade established by the city on 14th Avenue West in front of the plaintiffs' lots an unreasonable grade, and if so, was plaintiffs' property damaged thereby?

"Second: Was the city negligent in the manner of grading said 14th Avenue West in front of plaintiffs' property as alleged in the complaint and which has been called to your attention, and if so, did the same cause damage to plaintiffs' property?

"Third: Did the city in making said grade encroach upon the property of the plaintiffs without the plaintiffs' request or consent, and if so, did such encroachment damage plaintiffs' said property?

"One or more of these questions must be answered in the affirmative before the plaintiffs would be entitled to a verdict."

Some other observations in the body of the instructions were made in harmony with this statement of the issues, but later the court instructed the jury as follows:

"You are instructed that the burden is on the plaintiffs to prove, by a fair preponderance of the evidence, every material allegation of their complaint. . . . If the plaintiffs fail to prove any one of the material allegations of their complaint to your satisfaction by a fair preponderance of the evidence it is your duty to return a verdict for the defendant."

While these instructions, taken literally, are contradictory in a sense, yet we cannot think that any reason-

able person could doubt for a moment the court's meaning. It is not like the case of *Fireman's Fund Insurance Co. v. Oregon-Washington R. & Nav. Co.,* 96 Wash. 113, 164 Pac. 765, relied upon by appellant, where in one place the jury was told that the defendant must exercise the highest degree of care consistent with the practicable operation of its business, and in other places that ordinary and reasonable care was sufficient. There no one could tell which degree of care the court was attempting to apply, but here anyone of ordinary intelligence would not be for a moment misled. We are convinced that the seeming inconsistency in these instructions did not mislead the jury, and, if there was error, it was not such as to call for a new trial.

Some other errors are suggested, but we find nothing therein prejudicial or calling for further comment.

The judgment appealed from is affirmed.

HOLCOMB, FULLERTON, MACKINTOSH, MITCHELL, and PEMBERTON, JJ., concur.

BRIDGES, J. (concurring)—On the question of liability of a city on account of negligence where an original grading of a street is involved, I think the cases of *Lochore v. Seattle,* 98 Wash. 265, 167 Pac. 918, 7 A. L. R. 800; *Allbin v. Seattle,* 98 Wash. 275, 167 Pac. 922; and *Clark v. Olympia,* 117 Wash. 506, 201 Pac. 755, are directly opposed to *Schuss v. Chehalis,* 82 Wash. 595, 144 Pac. 916, and cases preceding that. I am of the view that the instruction on negligence is contrary to the doctrine announced in the later cases by this court, but conforms to the announcements in the earlier cases. Being of the opinion that the earlier cases are right and the later wrong, and that the correct doctrine is announced in *Schuss v. Chehalis, supra,* I think the instruction complained of here stated the law as favor-

ably to the appellants as they were entitled to.    For the reasons given, I concur in the result of the majority opinion.

MAIN, C. J., concurs with BRIDGES, J.