[No. 22843. Department Two. January 30, 1931.]

R. L. BLANKENSHIP et al., Respondents, v. THE STATE OF WASHINGTON, Appellant.[1]

[1]Reported in 295 Pac. 480.

*The Attorney General* and *E. P. Donnelly, Assistant,* for appellant.

*S. H. Kelleran,* for respondents.

FULLERTON, J.—The respondents, Blankenship, are the owners of a tract of land situated in the city of Olympia, lying south of, and abutting upon, the lands of the state of Washington upon which certain of its capitol buildings are constructed. In improving its own property, the state entered upon the respondents' property and appropriated a strip of land some twenty feet in width, extending for the full length of the property; that is to say, it graded the property for a width of some eight feet down to the street level, constructed thereon a roadway, and graded the bank for the remainder of the distance to a slope that would prevent it from sliding onto the roadway it so constructed. The entry of the state onto the property was without right. It had neither purchased the property nor contracted to purchase it, nor had it sought to condemn it for a public use.

The present action was instituted by the respondents against the state to recover the value of the land taken and the damages caused to the remainder of their property by the taking, the amount demanded aggregating, according to their valuations, the sum of fifteen thousand dollars. No recovery of the property itself was sought; the respondents conceding that the state was entitled to the property taken on payment of its reasonable value, and on payment of the damages the taking had caused to the remainder of their property.

The state, in its answer to the complaint, admitted that it had entered upon and appropriated a part of the property described in the complaint, but denied that the property taken was of the value alleged therein. It admitted that it had not contracted to purchase the property from the respondents or sought to condemn it, and, as an excuse therefor, averred that it was believed, at the time of the taking, that the property was public property, in which the respondents had no private interest. It averred affirmatively that, since the taking of the property, the courts had decided that the property was the private property of the respondents, and it prayed that a jury be impaneled by the court to determine what compensation, if any, should be awarded to the respondents for the property taken, and what damages, if any, their remaining property had suffered by reason of the taking.

The cause was tried by the court sitting with a jury. The jury returned a general verdict, finding in favor of the respondents on all of the issues, and awarding them a recovery in the sum of $3,800. The trial court entered a judgment on the verdict, in which it adjudged that the property entered upon was the property of the respondents, that its taking and damaging were for a public use, "to wit, for capitol grounds and approaches thereto," and further adjudged that the property described be appropriated and set over to the use of the state, subject to the condition that the state pay to the respondents, or into court for their use, the sum awarded by the jury. The appeal is by the state from the judgment so entered.

The contentions made by the appellant's learned counsel question, in their final analyses, only the amount of the award the jury made as compensation for the injury suffered by the respondents.

The first of the contentions is that the trial court erred in assuming that the state had appropriated the property of the respondents to the full width claimed by them. It is conceded that, in so far as the state graded the property to the street level and used it for the purpose of constructing a roadway thereon, it was a taking of the property within the meaning of the constitution, and that, to this extent, the respondents are entitled to compensation as for property taken for a public use. But they contend that, in so far as the property was sloped back from the part taken, it is a damaging of the property within the meaning of the constitution, rather than a taking, and that the respondents are not entitled to compensation for that part of it as for property taken, but only as for property damaged.

But we think the view untenable. As we read the evidence, the slope was an essential part of the work of construction. The surface level of the property of the respondents is between twelve and fourteen feet above the level of the street grade, and it was necessary for the state to adopt some method for preventing the embankment left by the grading from sliding into and incumbering the roadway. It possibly could have adopted other means than the one it did adopt, to prevent such a result, but the choice of methods was with it, and since it adopted the means of a slope, and since it must control and maintain the slope for the protection of its roadway, to the exclusion of the respondents therefrom, if exclusion be necessary, the court had the right to treat it as a taking of the property.

It must be remembered that the facts relating to the quantity of land necessary for the uses of the state, were submitted to the court without specific claims on the part of either party, and that the court had a right

to make up its conclusions from the facts as presented to it. The evidence is clear, as we view it, that the state intended to appropriate to its exclusive use the entire strip upon which it entered, and that such an appropriation was necessary for its purposes. This being true, there was no error in treating it as a taking, rather than as a damaging, of the property, and no error in awarding the property to the state by title in fee, and measuring the compensation to be awarded to the respondents on that basis. The cases of *Milwaukee Terminal R. Co. v. Seattle,* 86 Wash. 102, 149 Pac. 644, and *Fenton v. Seattle,* 132 Wash. 194, 231 Pac. 795, cited by the state to support its contention, are not controlling. The facts there involved differ so widely from the facts of the present case as to make the rule announced in them, inapplicable.

The trial court permitted the respondents to show the depreciation in the value of their property by the encroachment thereon by the state, measured as of the time of the trial. This is assigned as error, but it is in accord with our prior adjudicated cases. *Distler v. Grays Harbor & Puget Sound R. Co.,* 76 Wash. 391, 136 Pac. 364; *Wilshire v. Seattle,* 154 Wash. 1, 280 Pac. 65. The case of *Fenton v. Seattle,* 132 Wash. 194, 231 Pac. 795, is not contrary to the principle of the cited cases. In that case, it is true, the trial court charged the jury that the difference in value of the property, by reason of the encroachment, was to be measured as of the time of the encroachment, but the parties to the controversy accepted the instruction as correct, and did not question it on the appeal, possibly because it in no way affected the amount of the verdict of the jury. Since the parties themselves did not question the instruction, obviously this court would not on its own motion do so.

■ Finally, it is contended that the verdict is so grossly excessive as to require the interference of the court. But the question, what is just compensation for the property taken, is one which the respondents, under the constitution of the state, had the right to have determined by a jury. The courts' power to interfere with the jury's verdict in such a case, exists only in the instance where it appears that the verdict is the result of causes other than the merits of the controversy, such as passion and prejudice, and the like. And, when such does appear, the court could not, itself, fix the amount of the recovery; its power is limited to a remand of the cause for a retrial before another jury. But we find nothing in the record which would warrant an interference with the verdict here returned. The jury were permitted to, and did, view the premises. Their verdict was well within the evidence which they had the right to believe, and nothing indicates that it was not the result of their honest and dispassionate judgment.

The judgment is affirmed.

TOLMAN, C. J., BEALS, BEELER, and MILLARD, JJ., concur.