[No. 35127. Department Two. February 18, 1960.]

SAMUEL D. SCHROCK, JR., *et al, Respondents,* v. KING COUNTY, *Appellant.*

ROY E. FOISTER *et al., Respondents,* v. KING COUNTY, *Appellant.*

GARTH L. PUTNAM *et al., Respondents,* v. KING COUNTY, *Appellant.*[1]

[1]Reported in 349 P. (2d) 594.

*Charles O. Carroll* and *Charles R. Lonergan, Jr.,* for appellant.

*Casey & Pruzan (Jack M. Sawyer,* of counsel), for respondents.

FINLEY, J.—This is a consolidated action by several persons who own real property abutting on a county road located slightly north of Seattle and now designated as "North 167th Street." The roadway was dedicated by plat as a sixty-foot wide public road, on September 27, 1909, by the predecessors in interest of the plaintiffs. However, it was not until 1957 that a grade line was determined by the King county road engineer and adopted by resolution of the King county board of county commissioners. In March 1957, a road was constructed on the dedicated roadway in conformance with the resolution. The plaintiffs claim that this construction constituted a change by the county of an established grade. They seek damages under Art. I, § 16, (amendment 9), of the Washington state constitution, wherein it is provided that no private property shall be taken or damaged for public use without just compensation having first been paid.

King County contends. that the grade line, established in 1957, was an *original grade,* and the county is not liable for the establishment of it. *Fletcher v. Seattle* (1906), 43 Wash. 627, 86 Pac. 1046. The respondent landholders recog-

nize as controlling the ruling in the *Fletcher* case—that a municipality or county shall not be held liable for damages resulting from the establishment of an *original grade*. Further, the damage-claimants concede that, prior to 1957, the county had never established a grade for north 167th street by resolution. They assert, however, that around the year 1930 the county made certain improvements to the dedicated roadway to permit usage by automobiles, including the making of cuts and fills, and that this constituted the establishment of an original grade.

After a trial on the merits, the trial judge entered findings to the effect that such improvements had been made; that the county had adopted and accepted the resulting grade as an *original grade*; and that by the granting of building permits, which included access rights to the road, to the damage-claimants confirmed the existing level of the road as an established original grade. The 1957 construction work, which it is conceded altered the then existing level of the road, was, therefore, found to constitute a change in an original or established grade. Judgment was entered for the damage-claimants in the sum of $2,500 each. This was based on the ground that the interference with access to respondents' land, caused by the 1957 construction work, had depreciated the value of each parcel of land in that amount. The county has appealed.

In *Sargent v. Tacoma* (1894), 10 Wash. 212, 38 Pac. 1048, this court held that an original grade might be established either by formal adoption of a grade by ordinance or resolution, or by the actual improvement of a street, establishing a certain grade. The county admits this principle, but urges that the evidence in the instant case brings the case within the rule laid down in *Jones v. Gillis* (1913), 75 Wash. 688, 135 Pac. 627, in which we held that *improvements of a temporary nature*, made so that the road might be used in its then condition, did not constitute the establishment of a grade. In *Jones*, the crucial factor was held to be the intent of the legislative body of the governmental unit involved. A paper grade was adopted by formal resolution in 1878; but the street in question was not leveled to

that grade until 1904. In the meantime, however, the city caused some macadam to be placed on the roadway and made certain fills. We held that this action did not evidence an intent to change the grade which had been previously established; and, therefore, that the construction work of 1904, leveling the street to conform with the paper grade of 1878, did not constitute a change in grade. In other words, notwithstanding the improvements which had been made prior to 1904, the grade actually constructed in 1904, but in conformity to the paper grade of 1878, was an original grade.

The damage-claimants contend that the *Jones* case is distinguishable in that, therein, the order of events was (1) formal adoption of a paper grade, (2) improvement of the street at its existing level, and (3) leveling of the street in conformity with the paper grade. They emphasize that, in the instant case, the order of events was (1) improvement of the roadway at its existing level, (2) formal adoption of a paper grade, and (3) construction of a road in conformity to the paper grade. Respondents apparently would have us apply a different test in determining whether the governmental unit intended to establish an original grade from the test applied in determining whether an alteration of a previously established grade was intended. This argument is without merit because it overlooks the fact that, whether improvements of the roadway at its existing natural level precede or follow formal adoption of a paper grade different from the natural terrain of the roadway, they do not constitute the establishment of a grade, original or new, unless intended to accomplish more than merely to make the roadway usable in its then condition, pending construction of more permanent improvements in conformity with a formally adopted paper grade. The question in each case is whether the county or municipality, in making improvements to render the roadway usable, intended thereby to establish a grade which might not be altered at some future date without paying abutting landowners compensation for interference with their access.

■ It is not disputed in the instant case that the 1957 construction work, following formal adoption by the county commissioners of a paper grade, involved both a leveling of the roadway in conformity with the paper grade and a widening of the usable portion thereof to the full extent of the sixty-foot roadway dedicated in 1909 by the respondents' predecessors. By virtue of the 1909 dedication, the county acquired the right to construct a road upon the entire width of the dedicated roadway and to reduce the natural surface of the roadway to a grade line established for the first time. *Fletcher v. Seattle, supra.* It is clear that whatever improvements were made prior to 1957 neither affected the entire roadway nor materially altered its natural surface. We are convinced that this fact amply supports the county's contention that the actual improvement prior to 1957 was done merely to render the roadway temporarily usable in its then condition, and was not done with intent of establishing an original grade.

The damage-claimants urge, however, that the county is estopped to deny that an original grade was established prior to 1957. Apparently, this argument is predicated upon the trial court's finding that the county issued building permits to the damage-claimants which included access rights to the roadway. The county has assigned error to this finding, contending that there is no evidence in the record that a building permit was ever issued to any of the damage-claimants; and further, that, even if building permits had been issued, they would contain nothing with regard to a grade line. We have carefully examined the record and are inclined to agree with appellant.

■ Finally, it is well established that mere lapse of time between acquisition of a roadway and establishment of an original grade thereon will not give rise to an estoppel. *Spokane v. Ladies' Benevolent Society* (1915), 83 Wash. 382, 145 Pac. 443.

For the foregoing reasons, it is our judgment that the trial court should be reversed. It is so ordered.

WEAVER, C. J., HILL, and ROSELLINI, JJ., concur.

FOSTER, J., dissents.