McInturff, J.
— Plaintiffs appeal from the trial court’s order denying their request for a temporary injunction. Plaintiffs sought to enjoin the defendant’s street project by which Stadium Way was to be widened over the entire right-of-way obtained in 1946 and raised to the grade established by both the 1945 project plan and by the construction of the Stadium Way roadway at that grade over a portion of the right-of-way in 1946.
Plaintiffs are the owners of three adjacent lots in the city of Pullman, which abutted on Harvey Road on the north prior to 1946 (see drawing). In 1945 the State of Washington *815 purchased by negotiated sale the right-of-way for Stadium Way for lots 735 and 805 from plaintiffs’ predecessors-in-interest.. The deed referred to the planned grade and width of Stadium Way right-of-way. The Stadium Way right-of-way included a portion of Harvey Road fronting plaintiffs’ lots. In 1945-46 Stadium Way was constructed at its present grade on a portion of the right-of-way. As constructed, Stadium Way was superimposed over a portion of Harvey Road, and at a grade above the old Harvey Road grade. Both in the 1945 project plan and in the 1946 construction the present grade of Stadium Way was established. Not later than the 1950’s, the portion of Harvey Road not utilized in the 1946 construction had become an access road for the occupants of the three lots, and was no longer used by the public.
*814 [[Image here]]
*815 In 1962 the City of Pullman, using both the right-of-way granted by deed as to lots 735 and 805, and a further portion of Harvey Road within the Stadium Way right-of-way, widened the Stadium Way roadbed southward and raised the grade of the widened portion to the grade established in 1946. Access was maintained to Stadium Way by elevating the remaining Harvey Road roadbed adjacent to and north of the westernmost of plaintiffs’ lots.
In 1972 the City of Pullman began another project to widen Stadium Way, which brought the entire right-of-way to the grade established in 1946. By this project plaintiffs lost access to Stadium Way.
We are concerned with the original-grade doctrine, which relieves the public body from any liability for property damaged in the reduction of the surface of the street to the grade line for the first time established. Fletcher v. Seattle, 43 Wash. 627, 630, 86 P. 1046 (1906).
Plaintiffs argue that the “original-grade doctrine” does not render the elimination of access noncompensable. Original grade cases go back to Brown v. Seattle, 5 Wash. 35, 31 P. 313, 32 P. 214 (1892, 1893), where it was held that owners of land abutting upon a street could recover damages for a material change of grade. In Hagen v. Seattle, 54 *816 Wn.2d 218, 339 P.2d 79 (1959), the court held that an establishment or improvement of an original grade is not a constitutional taking or damaging under article 1, section 16, of the Washington State Constitution; that the right to make an original grade is implied in the dedication of the street. Fletcher v. Seattle, supra.
Plaintiffs urge that the case of Wandermere Corp. v. State, 79 Wn.2d 688, 488 P.2d 1088 (1971), requires a conclusion that their loss of access constitutes a constitutional taking or damaging under article 1, section 16 (amendment 9), requiring compensation for loss of access. Wandermere concerned the actions of the department of highways in constructing an open drainage ditch entirely upon the state-owned right-of-way, but which interfered with access rights of adjacent private property, amounting to a constitutional taking under article 1, section 16 (amendment 9). Wandermere does not concern the original-grade doctrine involved here and is therefore not applicable to the present action.
In the present action it is not contended that the City has changed the original grade of Stadium Way or established the original grade beyond the right-of-way. Therefore, the original-grade doctrine applies, and accordingly directs that plaintiffs’ loss of access from the establishment of the original grade on Stadium Way is not a taking or damaging under article 1, section 16 (amendment 9) of the Washington State Constitution, and is not actionable. Schrock v. King County, 55 Wn.2d 655, 349 P.2d 594, 2 A.L.R.3d 979 (1960); Hagen v. Seattle, supra; Hollenbeck v. Seattle, 88 Wash. 322, 153 P. 18 (1915).
In the instant case the original grade and right-of-way were established in 1945, and all of the improvements have been in accordance with the original grade and within the width of the right-of-way. However, access to Stadium Way has been made impracticable because of the steep grade necessary to ascend or descend to and from the property and Stadium Way.
*817 The issue then is whether loss of access resulting from the full use of an original grade and right-of-way purchased by negotiated sale is compensable. The only case in Washington where loss of a similar kind of access is mentioned is Schrock v. King County, supra, where it is said at page 658:
The question in each case is whether the county or municipality, in making improvements to render the roadway usable, intended thereby to establish a grade which might not be altered at some future date without paying abutting landowners compensation for interference with their access.
(Italics ours.) The defendant contends that when the right-of-way was sold by the plaintiffs’ predecessors-in-interest it must be presumed that they realized that eventually there would be at best difficult access to the property sold. We agree with the well-reasoned answer found in California. The most recent case is Reinking v. County of Orange, 9 Cal. App. 3d 1024, 88 Cal. Rptr. 695 (1970), where the court said at page 1030:
As to foreseeable damage, the rule is the same whether the property is taken for the public use through condemnation proceedings or is obtained for public purpose by deed or consent. Where private property is taken by condemnation, it is assumed the owner has received in that proceeding compensation for all reasonably foreseeable damage to his property resulting from the taking and public use. Where the owner of land has consented to the taking by giving a deed, he may not subsequently recover any damage he might have recovered had the public use been taken through condemnation proceedings. In either event, it is assumed the owner was compensated for all reasonably foreseeable injury in the first instance and he is estopped to claim damages for such injury at a later date. (Albers v. County of Los Angeles, supra, 62 Cal.2d 250, 265-266; Sutro Heights Land Co. v. Merced Irr. Disk, 211 Cal. 670, 692-693, [296 P. 1088]; Sternes v. Sutter Butte Canal Co., 61 Cal.App. 737, 743, [216 P. 66].)
(Italics ours.) It is our conclusion that the loss of access *818 was foreseeable by the plaintiffs’ predecessors-in-interest at the time of the negotiated sale; that it is assumed he was compensated for that injury, and at this time cannot claim damages.
Plaintiffs uniquely argue that if the original-grade doctrine does apply it should not bar recovery because, in the process of establishing the original grade of Stadium Way, a portion of .its right-of-way was superimposed upon Harvey Road, necessitating a change in the grade of Harvey Road for which recovery should be granted. We disagree. The original-grade doctrine is not limited in its application by the fact that the new roadway may at some point be superimposed upon a portion of an existing roadway. Additionally, the testimony leaves no doubt that plaintiffs had actual notice of the boundaries of the right-of-way and the northerly limits of their property when the property was purchased. See 92 C.J.S. Vendor & Purchaser §§ 328, 330 (1955).
The plaintiffs lastly argue, however, that this argument does not apply to lot 815 because no portion of it was deeded to the State in 1945. We again disagree, based upon the reasoning in the preceding paragraph. In addition, we find nothing in the record to indicate that this specific theory was presented to the trial court to consider. State v. Van Auken, 77 Wn.2d 136, 143, 460 P.2d 277 (1969); State v. Henry, 2 Wn. App. 166, 169, 467 P.2d 325 (1970).
Judgment of the trial court is affirmed.
Green, C.J., and Munson, J., concur.
Petition for rehearing denied November 4, 1974.
Review denied by Supreme Court December 16, 1974.