GEORGE E. MORIN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

December 19, 1882.

**Condemnation—Compensation Determined as of Time of Trial.**—In an action by the owner to recover lands which have been appropriated by a railroad company, without the payment of lawful compensation therefor, where the defendant corporation seeks to have the amount of plaintiff's damages assessed on the trial, pursuant to Gen. St. 1878, c. 34, § 35, such damages are to be assessed as of the time of the trial.

**Same—General Benefit to Neighborhood not Considered.**—Where the effect of the construction and operation of the railroad through a particular section of the state has been to enhance the general market value of real estate, this fact, as well as any other tending to the same result, will naturally and necessarily enter into the opinions and evidence of the witnesses as to the present market value of the particular tract in question on such trial.    But in estimating the value of the premises, apart from the effect of their occupancy by the corporation, it is erroneous to instruct

the jury "to consider what the value of the farm would be if the railroad was not on it, but if the railroad were in the immediate neighborhood."

**Same—Compensation to Owner of Undivided Interest.**—Where, in such an action, the plaintiff failed to establish title except to an undivided interest, but the jury assessed and allowed him damages as the owner of the entire tract, it was *held* that a new trial should be granted.

Defendant's railway crosses the farm of plaintiff, who brought this action in the district court for Sherburne county, to eject defendant and recover for the use and occupation of that portion of his farm on which the railroad is situated. Defendant answered, denying plaintiff's title, setting up occupation for more than twenty years, and asking to be allowed to condemn in case plaintiff established his title.

The action was tried before *McKelvy,* J., and a jury, and plaintiff had a verdict, as stated in the opinion. Defendant appeals from an order refusing a new trial.

*R. B. Galusha* and *J. Kling,* for appellant, cited *Carli* v. *Stillwater & St. Paul R. Co.,* 16 Minn. 234, (260.)

*Wilson & Lawrence,* for respondent, cited *Winona & St. Peter R. Co.* v. *Waldron,* 11 Minn. 392, (515.)

VANDERBURGH, J.[*] Years ago the defendant laid out, built, and has since operated its line of railroad through the tract of land in question, which for upwards of one year prior to this action was possessed and claimed to be owned by plaintiff. Defendant has never acquired any right to the occupation of the land by purchase or otherwise, and its plea of a prescriptive right is unsupported by the evidence. The corporation denies, in its answer, plaintiff's title to the strip of land appropriated by it, and, in pursuance of the statute, in order to secure a permanent right of way, prays that, in case plaintiff establish his title, his compensation may be fixed and assessed by the jury in the action. Gen. St. 1878, c. 34, §§ 34, 35. The plaintiff had a verdict assessing his damages, and defendant appeals from the order denying a new trial.

It appears from the record, and is not seriously disputed by plaintiff's counsel in argument, that the plaintiff's evidence only estab-

[*]Dickinson, J., being absent from the argument, took no part in this case.

lished his title to an undivided half of the premises in question. His title to the remaining half was based on certificates of assignment of the interest of the state, by the county auditor, under Laws 1874, c. 1, § 129, and which are not, alone, evidence of title. *Gilman* v. *Van Brunt*, 29 Minn. 271. As, from the evidence and charge of the judge, the jury must have fixed the plaintiff's compensation upon the basis of his ownership of the entire tract, there should, we think, be a new trial on this ground, as likely to be more just to the parties than for this court to attempt to reduce the amount.

Certain exceptions to the charge of the court require, also, to be considered. Among other things, the court instructed the jury as follows on the question of damages: "You will consider what the value of the farm would be if the railroad was not on it, but if the railroad were in the immediate neighborhood, and then consider what it is now, and the difference would be the general damage to the farm." This is not, we think, strictly accurate. Plaintiff's proper compensation consists in the value of the land appropriated, and other damages to the farm caused by such appropriation, and these damages were properly to be assessed as of the time of the trial. *County of Blue Earth* v. *St. Paul & Sioux City R. Co.*, 28 Minn. 503. The clause *"but if the railroad were in the immediate neighborhood"* should not have been included in the instruction given. In the estimate of the value of the land without the railroad, in the first instance, no element of special benefit or injury should enter into the consideration of the jury. They were not, therefore, to be permitted to consider the effect of the proximity of the road. *Lyon* v. *Green Bay & M. Ry. Co.*, 42 Wis. 538. It left to them an uncertain standard as to the location and effect of the road as respects the particular tract, inasmuch as in some cases the proximity of a railroad might specially enhance the value of the land, and in others it might, on the contrary, affect it injuriously; so that if the jury were permitted to consider this question in cases favorable to the landowner, they would also be obliged to so consider it in cases prejudicial to him. But in ascertaining the value of the land without the road, the plaintiff was entitled to show its fair market value at the time sworn to. In so far, then, as its general market value had been

enhanced by the establishment, construction, and operation of this railroad line, it would necessarily and naturally be included in the estimate of such value by the witnesses. *Cobb* v. *City of Boston,* 112 Mass. 181. The plaintiff will thus get all he is entitled to, without any hypothesis as to the location of the line of the road other than that actually made.

The defendant also excepted to the instruction that, if the plaintiff recovered, he was entitled to the value of the use and occupation of the premises from July, 1880. Whether the plaintiff is entitled to additional compensation for use and occupation depends upon the question whether the land has been previously occupied by the company with the consent of the owner, (section 35, *supra,*) and must, therefore, be determined by the evidence on that question.

Order reversed.