[No. 209. Decided December 1, 1891.]

THE NORTHERN PACIFIC & PUGET SOUND SHORE RAILROAD COMPANY, *Appellant*, v. CLARISSA D. COLEMAN, JAMES M. COLEMAN, CLARA J. COLEMAN, MARY HUTCHINSON, WILLIAM HUTCHINSON, GEORGE L. COLEMAN, AND CLARISSA D. COLEMAN, *Administratrix of the Estate of* JAMES M. COLEMAN, DECEASED, *Respondents*.

APPEAL—MOTION TO DISMISS—STATEMENT IRREGULARLY SETTLED—APPROPRIATION OF LAND—DAMAGES—BENEFITS.

While a statement of facts may be stricken from the record on appeal for the reason that it was settled by the trial judge after he had gone out of office, such fact affords no ground for dismissing the appeal.

A motion to dismiss an appeal because the judge who tried the cause settled the statement of facts after he had gone out of office, will not be construed as a motion to strike the statement, as the rule of liberal construction under the code practice requiring matters of substance only to be looked to, has no application under such circumstances. (DUNBAR, J., and ANDERS, C. J., dissent.)

In an action for the appropriation of land for a right-of-way, described in the petition therefor as a strip one hundred feet wide through larger tracts, to which petition defendants answer setting up title to the parcels of land as described in the petition, and naming none other, defendants can claim no damages to another tract also owned by them, but not described in the pleadings, and which the right-of-way does not touch, such claim for damages being based upon the fact that it adjoined the land through which the proposed right-of-way did run, and that the parcels all constituted one farm tract.

Under art. 1, § 16, of the constitution, providing that in case of appropriation of lands compensation shall be ascertained, " irre-

spective of any benefit from any improvement proposed by such corporation," the measure of damages is the value of the land at the time of its appropriation, and the increased value of the land due to the building of the road for which the right-of-way is sought cannot be taken into consideration in estimating the damages. (DUNBAR, J., dissents.)

*Appeal from Superior Court, King County.*

The facts in the case are stated in the opinion.

*Mitchell, Ashton & Chapman,* and *White & Munday,* for appellants.

*Geo. D. Farwell,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The respondents move to dismiss the appeal in this case, because the judge who tried the cause settled the statement of facts after he had gone out of office. We have heretofore decided, in the case of *Faulconer v. Warner,* 2 Wash. 525 (27 Pac. Rep. 274), that an ex-judge has no authority to settle the statement of facts, and we granted a motion to strike the statement in that case, for that reason. Here the respondents have not asked to have the statement stricken, but to have the appeal dismissed. It, of itself, affords no ground for dismissing the appeal and cannot affect the right of appellant to have the remainder of the record here, and to argue upon the merits any question which it may present. True, the striking of a statement may leave no question in the record for the court to consider, and after a statement is stricken, if the respondent should move to dismiss the appeal upon that ground, and said motion should be well founded in fact, it would be granted; otherwise, if no such motion was made by either party, the judgment would be affirmed, as was done in the case above cited. It is argued that there is no question presented by the record in this case outside of the state-

ment, and that as, after striking the statement, the motion to dismiss would be a matter of form; the motion here made should be treated as a motion to strike. The appellant, however, disputes the proposition that there would be no matter left in the record for the court to pass upon, should the statement be stricken. Now the question is, will the court, in advance of a decision of this motion, look into the record to determine this matter, and if it is found that no question would be left, then grant the motion to dismiss, or ought the court to treat the motion to dismiss the appeal as a motion to strike the statement? It is claimed that under the code practice only matters of substance are looked at; that it is a part of its policy to favor liberal constructions, and that in this case the real objection is presented by the motion to dismiss, and the respondents are at most only mistaken as to the judgment to which they are entitled; that it is an attempt upon the part of respondents in good faith to avail themselves of a legal right, and that they should not be held literally to the language of the motion.

But there is a distinction to be recognized between those rights expressly conferred by direct legislative enactment, where the intention to confer is thus apparent, and those wherein the right is more in the nature of an advantage a party may take by reason of some defect in the law or oversight in legislation such as the present one, and it seems to us that this is not a case where the rule as to liberal construction can be invoked. Such a rule should only operate in furtherance of justice, in which case the law looks tolerantly on mistakes, and undertakes to give effect to the manifest intendment. Here the moving party is seeking to prevent a hearing upon the merits by undertaking to avail himself of an irregularity in the proceedings not going to the jurisdiction, and one which did not arise by reason of any negligence of the other party. BREWER, J., in

*Foreman v. Carten*, 9 Kan. 682, upon the question of an amendment asked, says:

"It is enough to state this here, as applicable generally: That if ever a party has obtained through legal proceedings an unjust advantage, and in! those proceedings has made a mistake, be it ever so trivial, the law will not tolerate an amendment to secure him in his advantage. To such an one the law is a Procrustean bed, and to its exact requirements every proceeding must, at his peril, conform."

And the same rule would apply to the case of this motion. The question of construction does not enter into the matter at all. The motion is not ambiguous. It asks that the case be dismissed, and to this the party is not entitled in an action at law upon the premises he has stated. Under the circumstances, it should not be treated as amended, and no intendment should be taken in its favor, nor will we look into the record to see what would be the effect upon the case if the statement should be stricken. It is the simple question of granting or denying this motion to dismiss which we have before us at this time. It is denied, and the cause allowed to proceed upon the merits.

HOYT and STILES, JJ., concur.

DUNBAR, J. (*dissenting*).—I am unable to agree with the reasoning of the majority, or with the conclusion reached by them. I think that the distinctions sought to be made are more fanciful than real. The code provides that the court shall, in every stage of an action, disregard any error or defect in pleadings or proceedings which shall not effect the substantial rights of the adverse party, and that before the prevailing party shall be put to the trouble and expense of a trial of his cause in the supreme court, the statement of facts shall be settled, and prescribes the manner in which it shall be settled. This is a protection given by law to the respondent, and he is as much justified in insisting on this right as any other. If a complaint

does not state facts sufficient to constitute a cause of action, the party defendant has a perfect right to demur to it, albeit it tends to prevent a hearing on the merits, and the demurrer will be subjected to the same test under the code that any other pleading will, for the law makes them equally proper pleadings. When a demurrer is waged, a liberal construction, it is true, will be given to the complaint, but it does not follow that an illiberal construction must be given to the demurrer; and so with regard to a motion. If the law has been substantially complied with, the motion must be denied; but there is no back action influence supposed to operate against the motion, and if it substantially complies with the requirements of the statute, and the opposite party has not been misled, it must be held sufficient; for it is a proceeding in a certain stage of an action, and falls, consequently, within the provisions of the code. In this instance it cannot be said that the appellant was misled. It was evident by the motion that the respondent objected to a hearing on the merits, for the reason that an ex-judge had signed the certificate to the statement of facts, instead of the *de facto* judge. It is true that the respondents ask to have the appeal dismissed, but the thing objected to was a consideration by this court of an alleged statement of facts. This was the subject discussed; this was the point on which authorities were cited. The reasons given in the motion itself notify the appellant as plainly and certainly as though the motion had been denominated a motion to strike the statement of facts; and to hold that such a motion shall not avail a party who has a valid defense to this appeal, is too much like chasing the shadow at the expense of allowing the substance to escape.

ANDERS, C. J., concurs.

## ON THE MERITS.

SCOTT, J.—This was a proceeding instituted by the appellant for the appropriation of certain lands for a right-of-

way for its line of railway, and to ascertain and determine the compensation to be made for such taking.     The land proposed to be taken was a strip 100 feet wide through a larger tract described in appellant's petition, and therein alleged to belong to the respondents.     The respondents, in their amended answer, set up title, and ask for damages to the identical parcels of land as described in the appellant's petition, and for none other.     Upon the trial respondents sought to recover damages to an eighty-acre tract, also owned by them, but which was not described in the pleadings in any way, and which the right-of-way in question did not touch; the claim for damages being based upon the fact that it adjoined the land described through which the right-of-way proposed to be taken did run, and that it all constituted one farm tract.     Upon the offering of testimony by respondents, relating to such damages, the appellant objected to its introduction on the ground that the respondents, by only alleging in their answer that they were damaged in the lands there described, had waived any right they might have had to recover whatever damages they may have suffered in the balance of the tract, and that as no mention had been made, or question raised, as to any such damages in any of the pleadings, such proof was inadmissible thereunder.     The court overruled the objection, and admitted the proof, and this is assigned as error.

The respondents contend that the law does not require the petitioner to describe any land except that proposed to be taken for the right-of-way itself, and that they were not required to answer at all, and that, consequently, they were entitled to offer proof of the damage to the whole tract; but we think this claim is untenable, under the circumstances of this case, however the law may be as to the description required to be set forth or as to the pleadings required.     Here the respondents did answer and raise an issue as to the amount in which they would be injured, re-

sulting from the damage to the particular tracts described in the petition, and which they described in their answer, and made no claim of damages to any other tract. Under such circumstances, they should not have been allowed to prove that they were damaged to a further extent by reason of damages resulting to this other undescribed tract of which the appellant had no notice, so that they might be prepared to show the character and value of such other land, and such other matters as would form a basis for the estimation of the amount of the damages resulting to it, if any.

A point is made as to the basis upon which the respondents were allowed to recover damages, which was the value of the land at the time of its appropriation. The appellant contends, and there was testimony to show, that this land was considerably enhanced in value in consequence of this projected line of railway which was then in process of construction. The appellant contends that this increased value, which was due to the building of the very road for which the right-of-way through this land was sought, and to nothing else, should not have been taken into consideration in estimating the damages; while the respondents claim that they were entitled to have this considered by virtue of § 16, art 1 of our state constitution, which provides that compensation in such cases shall be ascertained "irrespective of any benefit from any improvement proposed by such corporation." The position taken by appellant is the correct one. The basis for the estimation of the damages is the value of the land as it would be at the time of the appropriation, if the road was not to be built. The constitutional provision referred to only provides that the benefits, if any, of the proposed improvements shall not be allowed to offset or diminish the damages sustained. If the prospect of this proposed road had greatly enhanced the value of the respondents' land as claimed, it would be highly inequitable

to require the appellant to pay damages upon the basis of this increased value when it would not be entitled to have the benefit, if any, to the land left taken from the value of the land appropriated. The reason for allowing the land owner in such cases the benefits arising to the land not taken, because he only receives such benefits in common with other land owners in the vicinity, can hardly be allowed to extend to the length of allowing him to recover the increased value of the land taken, or of damages estimated upon that basis to the land left, in consequence of the taking of the particular strip. The measure of damages would be the difference in amount between the value of the tract as a whole, not including therein the increased value, if any, occasioned by the proposed improvements, and the value of the land left, and not including therein such increased value.

Judgment reversed.

ANDERS, C. J., and HOYT and STILES, JJ., concur.

DUNBAR, J.—I concur in the result, because I think the defendant, after having alleged the damage to be to a certain described tract of land, ought not to have been allowed to prove damage to any other land. The plaintiff, under the pleadings, had a right to presume that the issue to be tried was the damage to the land specified in the answer, and it was the trial of that question that he was called upon to prepare for, but I cannot accept the construction of the majority on section 16 of article 1 of the state constitution. I do not think the constitutional provision contemplates so general a benefit as is claimed for it by the majority, but that it is some particular benefit conferred upon the land that is referred to. I do not think it intends to compel a person to part with his land for a less consideration than the same kind of land similarly situated in the same neighborhood or locality is worth. Such a

construction would lead to difficulties in ascertaining values, and is wrong in principle. I know of no good reason why the corporation should be allowed to appropriate it for less than it is worth in the market at the time its value was ascertained by the jury.