[No. 7966.    Department One.    May 20, 1909.]

GRAYS HARBOR AND PUGET SOUND RAILWAY COMPANY,
*Appellant*, v. OTTO KAUPPINEN *et al., Respondents.*[1]

EMINENT DOMAIN—DAMAGES—VALUE OF PROPERTY.  Under Const.
art. 1, § 16, providing that no private property shall be taken for
public use without just compensation having been first made, the
measure of damages for the taking of property is its value at the
time of the trial, including improvements made since the filing of
the petition, rather than its value at the time of the commencement
of the proceedings.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered November 23, 1908, upon
the verdict of a jury assessing damages in a proceeding to
condemn land for railroad purposes.    Affirmed.

*J. B. Bridges* (*Bogle & Spooner*, of counsel), for appel-
lant.

*A. M. Abel* and *J. C. Cross*, for respondents.

Gose, J.—This action was instituted by the petitioner, a
public service corporation, to condemn certain town lots.
About November, 1906, the petitioner surveyed its line of
road through the property sought to be condemned, and
about the same time parties acting in its behalf sought to
purchase the property for the petitioner.    In the month of
February, 1907, the petitioner commenced this proceeding,
and on October 19, 1908, a decree was entered, adjudging
that the proposed use was a public one, and that public neces-
sity demanded the prosecution of the enterprise.    On No-
vember 17, following, the case was tried to a jury for the
purpose of ascertaining the compensation that should be
paid to the property owner.    After a survey of the proposed
line of road across the property and before the commence-
ment of the action, the then owner commenced the construc-

[1]Reported in 101 Pac. 835.

tion of a residence upon the property, which was not completed until some time after the commencement of this action. After the completion of the house and before the trial of the cause, Kauppinen conveyed the property to his co-respondent. The court instructed the jury as follows:

"I would say to you, gentlemen, that this value that you find must be the value as found today, irrespective of any increased value that has been put on the lots by the contemplated improvements of the railroad; that is, if there is any increased value, the owner is entitled to that just the same as any one else, that is, you take the lots as to the value today, whether the railroad company has increased it or not."

The petitioner assigns error in the giving of this instruction, and contends that compensation should be made on the basis of the value of the property at the time of the filing of its petition, and that the value of the improvements should be excluded in arriving at the compensation which the petitioner should be required to pay the owner of the property.

Section 16, art. 1, of the constitution provides:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law."

The proper construction of this provision was before the court in *Enoch v. Spokane Falls & N. R. Co.*, 6 Wash. 393, 33 Pac. 966. At page 402 the court said:

"We think that the true measure of damages in such cases is the fair market value of the land taken at the time of the appropriation  .  .  ."

See, also, *Northern Pac. & P. S. R. Co. v. Coleman*, 3 Wash.

228, 28 Pac. 514. This construction is supported by the following cases, in construing similar constitutional provisions: *Denver & R. G. R. Co. v. Griffith,* 17 Colo. 598, 31 Pac. 171; *Sherwood v. St. Paul & C. R. Co.,* 21 Minn. 122.

It is argued that this construction was rejected in *Seattle & M. R. Co. v. Roeder,* 30 Wash. 244, 70 Pac. 498, 94 Am. St. 864. It is true that in that case the court instructed the jury that the property owner was entitled to the market value of the property on the 23d day of July, 1901, which was the date on which the petition for condemnation was filed. The landowner was content with the verdict and judgment, and the question involved in this case was not urged by the condemnor on appeal. Many other questions were considered, but that part of the instruction was not discussed. No error having been assigned or urged against it, it was not before the court. There was no intention to modify the construction previously adopted.

There is a great variety of opinion upon this question in other jurisdictions. In some of the cases cited by the petitioner the rule for which it contends has been adopted. The reason assigned is that the filing of the petition constitutes a taking within the meaning of the law. Admittedly this view could not obtain under our constitution. In this state, in cases of this character, the property cannot be *taken* or *appropriated* until compensation has been made, or ascertained and paid into court. Every owner of property holds it subject to the right in the public to appropriate it to a public use. However, this right in the public does not preclude the owner from improving his property, even after a survey has been made and a petition filed. It must be conceded that, at any time preceding the decree of appropriation, the party seeking to condemn, if not in possession, can abandon his proceeding. *Port Angeles Pac. R. Co. v. Cooke,* 38 Wash. 184, 80 Pac. 305. The rule fixing the value of the property as of the time of such trial is not only definite, but just to both the owner and the public. Moreover, it.

would seem that no other construction could be adopted without doing violence to the language of our constitution.

A further review of the cases from other jurisdictions would serve no useful purpose. Not only do they construe constitutional provisions not identical either in language or meaning with our own, but they arrive at such a variety of conclusions that a review of them would be fruitless. The judgment will be affirmed, and the respondents will have judgment for their costs.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.