[No. 11446.  Department Two.  November 17, 1913.]

RUDOLPH DISTLER *et al.*, *Respondents*, v. GRAYS HARBOR &
PUGET SOUND RAILWAY COMPANY *et al.*, *Appellants*.[1]

EMINENT DOMAIN—DAMAGES—COMPENSATION—TIME OF ACCRUAL.
Under the constitutional provision that no private property shall be
taken for public use without damages being first ascertained and
paid, the damages to abutting property from the construction of a
railroad in the street, in a proceeding tried as a condemnation case,
must be ascertained as of the time of the trial; since, in contem-
plation of law, there can be no taking until damages have been ascer-
tained and paid.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered March 24, 1913, upon the ver-
dict of a jury rendered in favor of the plaintiffs, for damages
to abutting property by the construction of a railroad in the
street.  Affirmed.

*Bridges & Bruener* and *Bogle, Graves, Merritt & Bogle*,
for appellants.

*A. M. Abel* and *W. H. Abel*, for respondents.

MORRIS, J.—Appellants, in 1910, under a franchise from
the city of Cosmopolis, constructed, and have since main-
tained, their tracks on the public street upon which respond-
ents' property abuts.  No condemnation proceedings were in-
stituted by appellants, and no rights obtained by them to the
use of the street or the right to damage abutting property,
except as granted in the franchise.  Subsequently respond-
ents brought this action to recover damages to the abutting
property owned by them.  The case was tried in March, 1913,
under a stipulation that the action should be tried in the
same manner as if it were a condemnation proceeding insti-
tuted by appellants.

Upon the trial, the court below permitted witnesses to tes-
tify as to the value of the land excluding the railway, at the

[1]Reported in 136 Pac. 364.

time of the trial, and instructed the jury to the same effect. This is urged as error, appellants contending that the value should be determined as of the time of the appropriation by the railway company, and not at the time of the trial. The rule in this state applicable to condemnation proceedings is that the damages shall be ascertained as of the time of the trial. *Enoch v. Spokane Falls & N. R. Co.*, 6 Wash. 393, 33 Pac. 966; *Grays Harbor & Puget Sound R. Co. v. Kauppinen*, 53 Wash. 238, 101 Pac. 835; *Grays Harbor Boom Co. v. Lownsdale*, 54 Wash. 83, 102 Pac. 1041, 104 Pac. 267. These cases are based upon our constitutional provision that private property cannot be taken for public use without damages first being ascertained and paid, and follow the rule laid down in other states having like constitutional requirements; the theory being that, as the constitution provides that payments of damages shall precede the taking, there can, in contemplation of law, be no taking until damages have been ascertained and paid, and that, whatever be the physical situation, no title or right of use as against the landowner passes until compensation is first ascertained and paid. It follows from these decisions that private property is taken or damaged for a public use when it is appropriated according to the forms of law, and it is this date that determines the damages, whether the actual physical entry precedes or follows it.

In discussing a like question under a similar constitutional provision, it is said in *County of Blue Earth v. St. Paul & Sioux City R. Co.*, 28 Minn. 503, 11 N. W. 73:

"That this means the time of taking and appropriating the property by appropriate legal proceedings, and not the time of some previous wrongful and tortious entry, necessarily follows from the constitutional provision which requires compensation to be *first* made. Until that time the property still belongs to the original owner. The fact that a railroad company has, in advance of proper condemnation proceedings, committed a trespass, and wrongfully taken possession of the land, gives it no right to insist that such proceedings,

subsequently instituted, shall relate back to the date of the trespass."

This is the rule laid down in those jurisdictions having constitutional provisions similar to ours and where, in dealing with the rights of abutting owners upon public streets, it is the law, as here, that the fee to the street rests in the owner of the abutting property. *Milwaukee etc. R. Co. v. Eble*, 3 Pinn. (Wis.) 334; *Morin v. St. Paul, M. & M. R. Co.*, 30 Minn. 100, 14 N. W. 460; *Lyon v. Green Bay & M. R. Co.*, 42 Wis. 538; *San Francisco & San Jose R. Co. v. Mahoney*, 29 Cal. 112; *Harlan County v. Hogsett*, 60 Neb. 362, 83 N. W. 171; *Newgass v. St. Louis, A. & T. R. Co.*, 54 Ark. 140, 15 S. W. 188; *Chicago, M. & St. P. R. Co. v. Randolph Townsite Co.*, 103 Mo. 451, 15 S. W. 437; *Texas Western R. Co. v. Cave*, 80 Tex. 137, 15 S. W. 786; *San Antonio & A. P. R. Co. v. Hunnicutt*, 18 Tex. Civ. App. 310, 44 S. W. 535.

Appellants cite cases from Kansas and Indiana supporting their contention, but those cases are not authoritative here, for the reason that, contrary to the rule adopted in this state, each of those states holds that, in condemnation proceedings, the values should be ascertained at the time of the taking and not at the time of the trial. They are, therefore, based upon a rule which does not obtain in this state.

For these reasons, the ruling of the lower court is sustained, and the judgment is affirmed.

Crow, C. J., Parker, Mount, and Fullerton, JJ., concur.