[No. 21786.   Department One.   September 10, 1929.]

W. W. WILSHIRE, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 280 Pac. 65.

*Lester E. Pope,* for appellant.

*Thomas J. L. Kennedy* and *J. Ambler Newton,* for respondents.

BEALS, J.—Plaintiff, being the owner of a tract of shore land on the borders of Lake Union in the city of Seattle, instituted this action for the purpose of recovering judgment against the city of Seattle, a city of the first class, for a sum alleged to be due him by reason of the use and occupation by the city of his property. The case is before us upon plaintiff's appeal from a judgment dismissing the action, entered by the court after sustaining a demurrer to plaintiff's third amended complaint, upon which complaint plaintiff elected to stand.

The material allegations of this complaint are, briefly stated, as follows: After alleging the corporate existence of respondent city and appellant's ownership of a tract of shore land completely covered by water on the border of Lake Union in the city of Seattle, and that respondent owns and operates a large electric power system, a portion of which consists of an auxiliary power plant located on the shore of Lake Union, plaintiff alleges that, on October 7, 1921, respondent, without appellant's knowledge or consent, entered into possession of appellant's property and held and used the same, up to the date of the verification of the third amended complaint above referred to; that, August 5, 1927, appellant filed with respondent his claim and demand, in writing, for payment for the use and occupation of his property, in which appellant de-

manded sixty dollars per month for the use thereof by respondent; that, during the summer of 1921, prior to respondent's taking possession of the property, appellant and certain agents of respondent had discussed the matter of the possible purchase or rental of the shore land, at which time appellant informed the officers of respondent that the rental price thereof was the sum of sixty dollars per month, and that appellant, many times thereafter, demanded payment from respondent for the use of the property at that rate. This complaint further alleges that respondent continued to use appellant's tract and, by reason of the facts as alleged in the complaint, is estopped from denying that sixty dollars a month is the reasonable rental value thereof.

For a second cause of action, appellant restates practically the same allegations, with the exception that he alleges that sixty dollars a month represents the reasonable value of the use and occupation of appellant's shore land. Appellant concludes with an allegation that he has demanded of the city payment for the use of his property, which demand has been refused, and a demand for judgment.

Respondent moves to dismiss this appeal upon the ground that the controversy has become moot by reason of the condemnation of appellant's shore land by respondent. In support of its motion, respondent submits certified copies of the record in a proceeding instituted by it for the condemnation of certain property, including the tract of shore land described in appellant's complaint. From this file, it appears that respondent filed its petition for condemnation; that an adjudication of public use was entered thereon; that a trial was had before a jury, a verdict entered in appellant's favor and judgment entered on the verdict in favor of appellant for the taking of the tract described.

It further appears, by way of affidavit made a part of the file, that the judgment was later satisfied by the appellant in this proceeding.

■ The questions presented by respondent's motion to dismiss this appeal are of great and far-reaching importance. If it be concluded that appellant's complaint states a cause of action, the questions presented by respondent on its motion to dismiss can all be raised by respondent by answer. Being of the opinion that the questions presented by the motion to dismiss should not be decided without affording all parties an opportunity to join issue thereon fully in the trial court, respondent's motion to dismiss the appeal is denied.

■ Respondent contends that the relation of landlord and tenant does not arise by reason of its taking possession of private property for a public use, citing *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820, an action brought to recover damages for injury to plaintiff's real property by reason of the grading of a street. In grading the street to its full width, the city extended the slope of the fill required by the grade onto plaintiff's abutting lots. The right to do this had not been obtained by a prior condemnation, or otherwise, and this court held that, under the testimony, the city was not entitled to judgment in its favor as a matter of law. In the course of the opinion, this court says:

"The constitution does not give the right to take; that is inherent in the state. Its only office is to define the limitations to be put upon its exercise; that is, that no property shall ever be taken without compensation.

"Having the right to take, a municipality, whatever its procedure or even lack of procedure, is not a wrongdoer. The remedy of the one whose property is taken is immaterial so long as it leads to compensation as

provided in the constitution. The city is bound to make compensation under a compact no less formal than the constitution itself, and it cannot defeat this constitutional right by a charter provision or an ordinance, nor can the legislature take it away by any arbitrary requirement, although we may admit that it could, as in all other cases, fix a time within which an action must be brought to recover damages that have not been first ascertained and paid. The city must be held to adopt the guarantee of the constitution and make it its promise, for we know of no law that will impute to the city, when exercising the sovereign power of the state, a wilful intention to disregard the right of a citizen. . . .

"So it will be seen that, where the petitioner is about to take possession without condemnation, injunction is a proper remedy; where there has been a taking and the public function is being exercised, the only remedy is to take compensation. Whether we call the taking a tort, or say that the claimant can waive the tort and sue on an implied contract, it makes no difference; the law is the same. The constitutional right to compensation cannot be taken away, for the right to redress the wrong does not and cannot be made to depend upon statute law. The remedy is in the courts having jurisdiction to redress wrongs under the forms of the common law. 'The remedy is commensurate with the wrong.' *Keill v. Grays Harbor & Puget Sound R. Co.,* 71 Wash. 163, 127 Pac. 1113. The owner being estopped to deny the right, and the petitioner being bound to meet the demands of the constitution, it would be illogical in the extreme to hold that the petitioner should be permitted to insist upon something that, if it had proceeded regularly, it was bound to ascertain in a proceeding in which the claimant does not even have to file an answer.

"We hold that the right to recover compensation for property taken by a city for a public use under § 16, art. 1, of the constitution, is not a claim 'sounding in tort,' within the meaning of the statute, Rem. & Bal. Code, § 7995 (P. C. 77 § 133), or a contract claim within the meaning of the charter of the city of Seattle as construed in *Postel v. Seattle,* 41 Wash. 432."

This case was quoted with approval in the later case of *Aylmore v. Seattle,* 100 Wash. 515, 171 Pac. 659.

These cases, while holding that the municipality has a right to take the property of the citizen and in taking the same becomes neither a tenant nor a wrongdoer, hold that, under the constitution, the owner of the property taken is entitled to receive compensation therefor. It is not the law that any agency, having the right to invoke the power of eminent domain, can take possession of private property within its jurisdiction, use the same for public purposes as long as convenient, then abandon possession thereof, and deny liability to the owner for compensation for the use of the property.

It cannot be reasonably contended that, in such a case as this, where it appears that a municipality has taken possession of a tract of land, without the initiation of a proceeding seeking the condemnation of the land which it desires to appropriate, the remedy of the property owner is limited, in all cases, to an action in equity seeking to enjoin the continued use of the property until compensation is paid therefor under the constitution and applicable laws, as such a remedy would not be available in case the municipality, prior to the trial of such an action, should abandon the property to the owner. If such be the rule, in such a case as that supposed, the property owner would be without a remedy, as the municipality could show that, at the time of trial, it was not occupying the property nor seeking to appropriate the same to public use by condemnation. It cannot be the law that a property owner who has been, by a municipality, in the exercise of its sovereign power, deprived of the valuable use of his property for a long period of time, is without a remedy.

This court has held that, in case possession of

land is taken prior to the initiation of condemnation proceedings, the compensation to the owner, based upon the market value of the land, is to be determined as of the date of trial, and not as of the date possession was taken. *Grays Harbor & Puget Sound R. Co. v. Kauppinen,* 53 Wash. 238, 101 Pac. 835; *Distler v. Grays Harbor & Puget Sound R. Co.,* 76 Wash. 391, 136 Pac. 364. This being the law, it is evident that a case might arise in which, under this rule, the owner of property would fail to receive that just compensation contemplated by the constitution of this state, art. I, § 16. If a city takes possession of a tract of land, improved with buildings, destroys the buildings and puts the property to its own use for a period of years, at the trial of an action, later instituted to condemn the property, the value thereof is to be determined as of the date of trial. Suppose that the city has, long before the time of the trial, greatly depreciated the value of the property, the owner thereof is surely entitled to receive compensation for the loss he has suffered.

We are of the opinion that such a claim arises under the constitution and not upon any implied relationship of landlord and tenant. As we hold that the question arises under the constitution, the case of *Paul v. Seattle,* 40 Wash. 294, 82 Pac. 601, and similar authorities are not in point. This court, in the case of *Brown v. Pierce County,* 28 Wash. 345, 68 Pac. 872, held the county of Pierce and city of Tacoma liable for the appropriation of a city lot and dwelling located thereon for use as a pest house during an epidemic of smallpox. On appeal by the city and county, error was assigned upon the overruling by the trial court of demurrers to plaintiff's complaint, upon the denial of motions for a nonsuit and upon the entry of judgment against both appellants. This court held that the de-

murrers were properly overruled, that the motions for a nonsuit were properly denied and affirmed the judgment entered. It appears that evidence was submitted by plaintiff upon the theory that the value of the use of the property, as appropriated by the defendants, amounted to the whole value of the property, and that defendants' testimony was also introduced upon the same theory. The trial court instructed the jury that the measure of damages was the fair and reasonable rental value of the property for the purpose for which it was taken and used. This court, in its opinion, holds the instruction proper, "in view of the theory under which respondents' testimony was introduced, and also in view of appellants' testimony." It clearly appears from the opinion that this court did not hold that the compensation due the property owner was, strictly speaking, by way of rent. The case cited is authority for the proposition that, by taking possession of property, a municipality, having the right to exercise the power of eminent domain, becomes liable to compensate the owner of the property for the use thereof. Such a state of facts is presented by the second cause of action stated in appellant's complaint in the case at bar, to which the trial court sustained a demurrer.

Respondent, in its brief, concedes that, when it, in 1921, took possession of the property of appellant for use in connection with its electric light and power system, there accrued to appellant a right of action for compensation under the constitution of this state. We are disposed to agree with respondent in its statement that this right of action is the same today as it was then. We also agree with respondent in its contention that the allegations of appellant's complaint do not show that any degree of the relation of landlord and tenant ever arose between the parties,

and that, after the complete appropriation to a public use of the shore land by the city, appellant's remedy was limited to an action under the constitution for compensation. *Kakeldy v. Columbia & Puget Sound R. Co.*, 37 Wash. 675, 80 Pac. 205; *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Thorberg v. Hoquiam*, 77 Wash. 679, 138 Pac. 304; *Stewart v. Fitzsimmons*, 86 Wash. 55, 149 Pac. 659; *Tukwila v. King County*, 99 Wash. 439, 169 Pac. 824.

Whether or not the city appropriated and used the entire tract belonging to appellant, or only a portion thereof, is, of course, a matter of evidence to be determined at a later stage of the case.

In the case of *Jacobs v. Seattle*, 93 Wash. 171, 160 Pac. 299, and on later appeal, 100 Wash. 524, 171 Pac. 662, in which action compensation was sought for injury to plaintiff's property on account of the use by the city of an incinerator adjoining the property, it was held that plaintiff's right to compensation arose upon a contract or implied liability, within Rem. Comp. Stat., § 159, subd. 3, prescribing limitations for the bringing of different classes of actions.

We conclude that the second cause of action stated in appellant's third amended complaint states facts sufficient to constitute a cause of action, and the judgment of the trial court, dismissing this action upon sustaining a demurrer to appellant's complaint, is accordingly reversed.

This decision is without prejudice to the right of respondent to set up in its answer, as a defense to appellant's action, the condemnation proceeding referred to in its motion to dismiss this appeal. As to the merits of such a defense, we, at this time, express no opinion.

FULLERTON, HOLCOMB, TOLMAN, and FRENCH, JJ., concur.