# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOAN ZERZAN,<br><br>     Appellant,<br><br>  v.<br><br>STATE OF WASHINGTON<br>DEPARTMENT OF RETIREMENT<br>SYSTEMS,<br><br>     Respondent. | DIVISION ONE<br><br>No. 77602-9-I<br><br>UNPUBLISHED OPINION<br><br>FILED: March 25, 2019 |

DWYER, J. — Following a hearing pursuant to the Administrative Procedure Act, chapter 34.05 RCW, the Washington State Department of Retirement Systems denied Joan Zerzan's claim for 12 months of additional service credits in Washington's Public Employee Retirement System (PERS). Zerzan appeals from the Department's final order, asserting that the hearing officer misapplied the applicable burden of proof. Because the hearing officer properly placed the burden on Zerzan to establish, by a preponderance of the evidence, that she worked the requisite number of hours to obtain service credits, and substantial evidence supports the hearing officer's determination that she failed to meet that burden, we affirm.

I

In July 1987, Joan Zerzan began working for the University of Washington Food and Nutrition Department in a position eligible for PERS membership,

specifically for PERS Plan 2.[1]

Prior to November 1988, the University reported to the Department that Zerzan worked in a .75 full time equivalent (FTE) position. On November 3, 1988, the University began reporting that she worked in a .5 FTE position, and continued to report it as such through July 1990.

In 2007, Zerzan made a request to the Department for additional service credits, believing that she was missing credits earned between 1988 and 1991. The Department and Zerzan dispute how many hours per month she worked in this period, specifically during the months of December 1988, January, February, April, September, November, and December 1989, and February, March, April, June, and July 1990. During these disputed months, employees in PERS-eligible positions were required to work at least 90 hours per month to earn service credits for the month.[2] According to Zerzan, in November 1988 the University placed her in two additional positions, which combined for a total of .2 FTE, bringing her total FTE for all positions to .7 FTE through July 1990 (which would be the equivalent of over 100 hours of work per month). However, the University's employee records for that time period do not indicate that Zerzan worked in PERS-eligible positions equaling a .7 FTE during the disputed months,

---

[1] The Department is the agency responsible for administering PERS. See RCW 41.40.020. Plan 2 retirees receive lifetime monthly payments pursuant to a statutory formula that multiplies a percentage of a measure of the member's highest earnings by the member's service credits. See RCW 41.40.620. Service credits are determined based on the months of service in a position or positions eligible for retirement benefits. See RCW 41.40.010(37).

[2] See former RCW 41.40.010 (LAWS OF 1990, ch. 274, §3(9)(b)); former RCW 41.40.010 (LAWS OF 1989, ch. 309, §1(9)(b)); former RCW 41.40.010 (LAWS OF 1989, ch. 289, §1(9)(b)); former RCW 41.40.010 (LAWS OF 1985, ch. 13, §7(9)(b)). It was not until 1991 that PERS-eligible employees could earn partial service credits for working fewer than 90 hours per month. See former RCW 41.40.010 (LAWS OF 1991, ch. 343, § 6(9)(b)).

instead showing that Zerzan worked fewer than 90 hours per month. Relying on the University's employee compensation records, the Department declined to grant Zerzan service credits for the disputed months.

Zerzan appealed the Department's decision. The Department held a formal hearing pursuant to the Administrative Procedure Act. At the hearing, the hearing officer heard testimony from Zerzan, the University's Director of Human Resources, and Department officials. Additionally, the Department presented the University's employee compensation records for Zerzan, including a verification of employment form detailing her total compensated hours of work for the disputed months. Zerzan presented her Social Security records and other documents indicating that she had worked in multiple positions during the disputed months.

Zerzan asserted that she had worked the requisite hours and that the University's records must be deficient because they did not match her memory of her work schedule. The Department asserted that the University's employee records and Zerzan's Social Security records do not support Zerzan's claim for service credits and that her testimony, uncorroborated by any official records of her work hours or by other witness testimony, was less persuasive than the official documentation showing that she worked fewer than the required 90 hours per month during the disputed months. Ultimately, the hearing officer issued a final order concluding that Zerzan had "not provided sufficient positive evidence to obtain the credit she seeks," and affirming the Department's decision denying Zerzan additional PERS service credits for the disputed months.

On judicial review, the superior court affirmed the final order. Undaunted, Zerzan appeals to us.

II

Zerzan contends that the hearing officer erred by concluding that she did not meet her burden of establishing, by a preponderance of the evidence, her entitlement to 12 months of additional service credits. This is so, she asserts, because the record evidence and testimony she presented at the hearing established that she worked for at least 90 hours in a PERS-eligibile position or positions in each of the disputed months. Zerzan further asserts that by virtue of her testimony explaining that the University of Washington's employment records, records on which the Department based its determination of service credits, were inaccurate, she shifted the burden of proof to the Department to establish that she was not entitled to service credits. In response, the Department contends that Zerzan's testimony was insufficient to satisfy her burden of proof because it was unsupported by the record evidence or by any corroborating witnesses, and that the burden of proof never shifted to the Department because the Department was never Zerzan's employer. The Department has the better argument.

Judicial review of any final decision and order by the Department is governed by the Administrative Procedure Act. RCW 41.40.078. When reviewing the Department's decision, "we sit in the same position as the superior court, applying the relevant standards of review from the Administrative Procedure Act (APA) directly to the record." Fox v. Dep't of Ret. Sys., 154 Wn.

4

App. 517, 523, 225 P.3d 1018 (2009) (citing Hunter v. Univ. of Wash., 101 Wn. App. 283, 288, 2 P.3d 1022 (2000)); RCW 34.05.570. "The burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05.570(1)(a). The party claiming invalidity must prove such invalidity by a preponderance of the evidence. See Fox, 154 Wn. App. at 525 (citing Thompson v. Dep't of Licensing, 138 Wn.2d 783, 797, 982 P.2d 601 (1999)). "The preponderance of the evidence standard requires that the evidence establish the proposition at issue is more probably true than not true." Mohr v. Grant, 153 Wn.2d 812, 822, 108 P.3d 768 (2005).

We review an agency's legal conclusions de novo. Bullseye Distrib., LLC v. Gambling Comm'n, 127 Wn. App. 231, 237, 110 P.3d 1162 (2005). However, while not bound by an agency's interpretation, we "accord substantial weight to the agency's interpretation if the agency is operating in an area where it has specialized expertise." Fox, 154 Wn. App. at 523 (citing City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 136 Wn.2d 38, 46, 959 P.2d 1091 (1998)).

We review issues of fact by applying the substantial evidence standard. Lawrence v. Dep't of Health, 133 Wn. App. 665, 671, 138 P.3d 124 (2006). "Evidence is substantial if it is of sufficient quantity to persuade a fair-minded person of the truth or correctness of the agency order." Hahn v. Dep't of Ret. Sys., 137 Wn. App. 933, 939, 155 P.3d 177 (2007). Unchallenged findings of fact are considered verities on appeal. Vorhies v. Dep't of Ret. Sys., 199 Wn. App. 543, 556, 399 P.3d 599 (2017).

The issues presented in this appeal are practically identical to those resolved in our prior decision in Fox. Therein, Fox sought a ruling overturning a Department decision that concluded that he had not worked in a PERS-eligible position at the University of Washington for the requisite number of hours to establish an entitlement to benefits. Fox, 154 Wn. App. at 522. However, the University of Washington had no records of Fox ever having worked in the janitorial position he claimed entitled him to the benefits. Fox, 154 Wn. App. at 522. Nevertheless, Fox argued that he had met his burden of proving that he had worked the required hours through the provision of his own testimony to that effect, coupled with a near-contemporaneous letter of recommendation and a signed declaration from his former supervisors stating that he had worked the required hours. Fox, 154 Wn. App. at 524. Fox asserted that "this evidence was sufficient to 'shift the burden' to the Department to disprove his contention that he worked the requisite number of hours." Fox, 154 Wn. App. at 524.

To support his burden-shifting theories, Fox relied on federal cases interpreting the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219. In Fox's chosen cases, the courts held that if an employer fails to maintain adequate records, "the employee need prove the amount of uncompensated work performed only by 'just and reasonable inference,' after which the burden shifts to the employer to come forward with contrary evidence." Fox, 154 Wn. App. at 524-25 (citing Reich v. S. New England Telecomms. Corp., 121 F.3d 58, 66-67 (2d Cir. 1997)). Additionally, Fox asserted that the Department had required him to produce contemporaneous official employer records to meet his

6

burden and, that by so requiring, the Department altered his burden from a preponderance of the evidence burden to a beyond a reasonable doubt burden. Fox, 154 Wn. App. at 525 n.6.

We rejected Fox's contention that the burden of proof was shifted to the Department. Fox, 154 Wn. App. at 525. We explained that the rules in the context of FLSA cases are not the same as those set forth by the APA for hearings before the Department: "under WAC 415-08-420, '[t]he person appealing or requesting a hearing shall have the burden of proof in the matter.' This rule places the burden on Fox to prove by a preponderance of the evidence that he worked the requisite number of hours." Fox, 154 Wn. App. at 525 (alteration in original) (quoting WAC 415-08-420). We also rejected Fox's contention that the Department required him to provide contemporaneous employer records because the record in Fox "indicates the Department does not limit its consideration to employer records. It also considers Social Security records, tax records, personal records, affidavits, and other evidence." Fox, 154 Wn. App. at 525 n.6. We concluded that "the University's alleged failure to keep adequate records did not relieve Fox of his burden." Fox, 154 Wn. App. at 525.

Finally, we noted that the hearing officer at Fox's hearing considered Fox's testimony and the other evidence he submitted and deemed it unreliable. Fox, 154 Wn. App. at 526. We explained that the hearing officer had weighed the evidence and concluded that

> Mr. Caldwell's 1974 recommendation letter stating that Mr. Fox had worked "as a half-time employee" was written not to document his work hours in 1970 but to communicate in general terms the extent of the writer's familiarity with Mr. Fox's work and performance. Mr.

> Byrd's 2005 statement that he was "scheduled to work 80 hours per month," is no more than a statement of what Mr. Byrd remembers Mr. Fox's schedule generally was. Neither provides meaningful or specific corroboration that he actually worked the requisite number of hours.

Fox, 154 Wn. App. at 526-27. We subsequently declined to reweigh the evidence because "it is well established that '[o]n factual questions the reviewing court cannot substitute its interpretation of the facts for the agency's interpretation or reweigh the evidence.'" Fox, 154 Wn. App. at 527 (alteration in original) (quoting Van Sant v. City of Everett, 69 Wn. App. 641, 650, 849 P.2d 1276 (1993)). We concluded that substantial evidence supported the Department's decision to deny benefits. Fox, 154 Wn. App. at 527.

Herein, Zerzan makes the same arguments as those that we rejected in Fox, but with even less supporting evidence in the record than that which Fox relied on.[3] She asserts that she met her burden of proof by showing, through her own testimony, that the records used by the Department to calculate her benefits were deficient, and that this shifted the burden to the Department to prove that she was not entitled to additional service credits.[4] She further asserts that the hearing officer required her to prove her claim beyond a reasonable doubt by

---

[3] Unlike in Fox, Zerzan did not present any corroborating witnesses or affidavits to support her testimony. Additionally, and again unlike in Fox, the University actually had records of Zerzan's employment, records which show that Zerzan was not compensated for the requisite 90 hours of work during the disputed months.

[4] As with Fox, who relied on FLSA cases to support his burden-shifting argument, Zerzan relies on cases outside of the context of administrative hearings before the Department to support her position. Specifically, she relies on Hill v. BCTI Income Fund-I, 97 Wn. App. 657, 986 P.2d 137 (1999), aff'd in part, vacated in part, 144 Wn.2d 172, 23 P.3d 440 (2001), which discusses burden-shifting in age discrimination cases against an employer, and a few other cases addressing burden-shifting to employers in the context of Social Security records. None of her cases are applicable because the Department is not, and never was, Zerzan's employer. Instead, Fox sets forth the applicable legal principles.

requiring record evidence, specifically time sheets, to support her testimony.[5]

However, it is apparent from the Department's final order that the hearing officer, in fact, simply required Zerzan to meet her burden of proof by a preponderance of the evidence. The hearing officer did not require her to provide time sheets to meet her burden. Instead, the hearing officer weighed the evidence. The hearing officer considered not only Zerzan's testimony, but also the Social Security compensation and employment records she provided, comparing her testimony and her compensation as detailed by her records with the records provided by the University detailing her total compensated hours for the disputed months.[6] The hearing officer, after reviewing all of the evidence submitted by Zerzan and the Department, concluded that Zerzan's compensation records, including her Social Security records, cast considerable doubt on the reliability of Zerzan's testimony.[7] The hearing officer concluded:

> In this case the employer's records for the disputed months show fewer than the required number of compensated work hours for PERS service credit. Ms. Zerzan is unable to produce any contemporaneous records to show that the hours as reported on

---

[5] Zerzan refers to an "incontrovertible evidence" standard in her briefing, which we interpret as referring to the "beyond a reasonable doubt" standard.

[6] Zerzan also appears to assert that the hearing officer and the superior court were improperly biased against her and thus improperly disregarded her testimony. She points to nothing in the record that supports such an assertion.

[7] Zerzan testified that her schedule remained unchanged during the pertinent years while her compensation records showed what the hearing officer considered to be considerable variance in her total compensation during those years. The hearing officer explained:

> After October 1988 the register shows a drop in overall compensation paid to her, and even by the end of 1990 it did not recover to the October 1988 level. This pattern is consistent with the 20% drop in the compensation reported to the Social Security Administration for 1989 and 1990 when compared with 1988 and 1991. . . . This reduced compensation in late 1988 through 1989 and 1990 cannot be reconciled with her testimony that her work schedule did not vary significantly during these years. If that were so, her payroll records could be expected to show greater uniformity. It is not reasonable to think that she would have accepted such reduced pay for a comparable and steady number of work hours.

(Footnotes omitted.)

the [verification of employment] spreadsheet are incorrect. The University's timesheets, the record that would be most significant for this purpose, no longer exist. There are no longer paystubs or even W-2 forms for her earnings available. She could not identify anyone who would now be able to testify from personal knowledge about her weekly work schedule during the disputed months.

Zerzan also asserts that we should disregard Fox's holding regarding burden-shifting and rule that her testimony claiming that the University's records were deficient shifted the burden of proof to the Department. She asserts that Fox is distinguishable because the issue addressed therein was whether Fox had ever worked in a PERS-eligible position, whereas there is no dispute that Zerzan worked in a PERS-eligible position while employed by the University of Washington. We decline this invitation. Fox addresses the burden of proof for a claimant seeking to establish, in an administrative hearing, that the claimant meets the statutory requirements to receive entitlement benefits from PERS. Nothing in Fox, nor in any of the applicable statutes or regulations, indicates that the burden changes depending on which of the statutory requirements is disputed. As in Fox, the "University's alleged failure to keep adequate records" herein does not relieve Zerzan of her burden to prove that she is entitled to additional service credits.[8]  154 Wn. App. at 525.

---

[8] Zerzan also asserts that the burden of proof should be placed on the Department because the Department had a duty to maintain accurate records of her employment at the University. This is so, she asserts, because RCW 41.50.130 states that the director of the Department "may at any time correct errors appearing in the records" of the PERS retirement system. However, the statute simply does not address the burden of proof during administrative hearings before the Department. Zerzan appears to contend that the Department's authority to correct errors in its records implies a duty to exercise complete control over all PERS employer records to ensure that they are maintained to provide accurate data for calculating PERS service credits. To the contrary, nothing in RCW 41.50.130, nor in any other statute or regulation, requires or even authorizes the Department to administer the payroll systems and human resources functions of all PERS employers.

As in Fox, Zerzan essentially "asks this court to reweigh the evidence and come to a contrary conclusion." 154 Wn. App. at 527. Here, Zerzan relied primarily on her own testimony to prove that she is entitled to additional service credits. However, the hearing officer chose not to credit that testimony because it was inconsistent with the record evidence. Thus, the hearing officer concluded that Zerzan did not meet her burden of proof. We decline Zerzan's invitation to reweigh the evidence. The hearing officer herein correctly required Zerzan to prove her claim by a preponderance of the evidence and substantial evidence supports the decision denying her service credits for the disputed months.

Affirmed.

_____, J.

We concur:

_____, J.            _____, J.

11