[No. 3809.   Decided April 17, 1902.]

J. A. BROWN *et al., Respondents,* v. COUNTY OF PIERCE *et al., Appellants.*

ACTS OF HEALTH OFFICERS — APPROPRIATION OF PROPERTY FOR PEST HOUSE — LIABILITY OF CITY AND COUNTY — SUFFICIENCY OF COMPLAINT.

The fact that the complaint in an action to recover the value of the use of premises seized by the public authorities for pest-

house purposes alleges that such use created an indebtedness to plaintiffs to the amount of the full value of the property, for which they ask judgment and tender a deed of the property, would not render the complaint insufficient as stating a cause of action for the recovery of the actual value of the use of the property for the purpose for which it was taken.

SAME — NONSUIT.

In an action against the city and county jointly for seizing and using plaintiffs' property for pesthouse purposes, motions for nonsuit by each of the defendants were properly denied, where the evidence showed that the city health officer sent his assistant to look for a place to quarantine smallpox patients in and that such assistant, in connection with the county physician, found an old, dilapidated, unoccupied building belonging to plaintiffs, which was fixed up for the purpose, and patients sent there by both the city and county physicians; that the action of the city health officer was fully ratified by the city board of health; that the county physician reported to the chairman of the county board of health the same day of the selection of the house and asked him how he was to care for patients and was answered to go ahead and use his best judgment; but there was no evidence that the county board of health, when in session, ever took any action in regard to the matter. ·

SAME — EVIDENCE.

The admission in evidence of the minutes of a meeting of the board of health of the defendant city, merely as a circumstance for the purpose of connecting the county with the city in the use of the premises seized, by showing the different steps and circumstances surrounding the case, was not erroneous.

SAME — IMPROPER ADMISSION OF EVIDENCE — HOW CURED.

Error, if any, in the admission of evidence is cured by the court's action in subsequently striking the same.

SAME — INSTRUCTIONS — MEASURE OF DAMAGES.

In an action for damages for the use of premises seized and used by the public authorities as a pesthouse, in which plaintiffs' theory was that the value of the use was the whole value of the property, because no tenant would be willing to occupy it thereafter, and defendants confined their evidence to the value of the property and offered no different evidence as to the value of its use, it was proper for the court to charge the jury that "the measure of damages in a case of this kind would be the fair and reasonable rental value of that property for the purpose for which

it was taken and used. It is what damage the property sustained by reason of having been used for a pesthouse, and you must arrive at the measure of damages from the evidence, not from any preconceived notions of your own, but from the evidence brought out upon the trial."

SAME — DISCRETIONARY POWERS OF HEALTH OFFICERS.

It was not error to refuse a requested instruction to the effect that in order to bind the county the jury must find that the acts of its physician in connection with taking possession of the property were expressly authorized by the board of county commissioners, or that such acts were subsequently ratified, since there was testimony, unobjected to, that such physician was the qualified health officer of the county, and Bal. Code, § 2983, confers general and discretionary power upon such officers sufficient, under exigency calling for immediate action, to enable them to act without express authorization by the board.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

*Fremont Campbell,* for appellants.

*E. E. Cushman,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by respondents against appellants. The respondents allege that they were the owners of a certain lot in the city of Tacoma, which was at the time of the acts complained of reasonably worth $200, and that a dwelling house thereon was worth the additional sum of $1,200. It is alleged in the complaint that the appellants, through their respective health officers, and without the consent of respondents, seized and appropriated said lot and building for the purpose of using them as a pesthouse for the isolation and quarantining of certain persons in said city and county who were afflicted with small-pox; that in pursuance of such purpose the appellants, through their officers and agents, caused persons so afflicted to be removed into and upon said property,

and that the same was used as such pesthouse for a long
period of time, and until said building was destroyed by
fire; that on account of such seizure and appropriation
the appellants became indebted to respondents in the sum
of $1,400, the same being the value of the property and the
value of its use and occupation. It is further alleged that
payment was demanded and refused, and respondents
make a continuing tender of a deed to said premises, and
ask judgment for $1,400. Demurrers to the complaint
by each of the appellants were overruled, and appellants
then answered separately, denying the material allegations
of the complaint. A trial was had before a jury, resulting
in a verdict against both appellants for the sum of $350.
Motions for a new trial were interposed by each of the ap-
pellants, and the court, of its own motion, ordered that a
new trial should be granted unless the respondents should,
within two weeks, file a written remittance and waiver of
$150 of the amount of the verdict, and that upon the filing
of such remittance and waiver the motions for new trial
should be denied, and respondents given judgment for
$200 and costs. Thereafter such remittance was filed, the
motions for new trial were denied, and judgment was
entered against both appellants for said sum and costs.
From said judgment both defendants have appealed.

It is assigned as error that the court overruled the de-
murrers to the complaint. It is urged that the complaint
does not state a cause of action for the recovery of real
property, for forcible entry or forcible detainer, to quiet
title, for the collection of rent, for waste, trespass, or nui-
sance, or upon a contract for sale or purchase, and, in
short, that no cause of action whatever is stated. While
the action may not come strictly within any of the classi-
fications above, yet we think a ground of recovery is suf-
ficiently stated. The respondents do not question the right

of appellants, in the quick exercise of their extraordinary powers in relation to the preservation of the public health, to seize and use the property for the purpose for which it was used; but they claim that by such use appellants became indebted to them, and they have alleged the amount of such indebtedness to be the full value of the property, evidently upon the theory that by such use the marketable value of the property was destroyed. Whether such theory is correct or not, we think sufficient is shown to enable respondents to recover the actual value of the use of the property for that particular purpose, and that the demurrers were properly overruled.

It is assigned as error that the court denied motions for a non-suit made by each appellant at the close of respondents' testimony. Both appellants urge the motions, but it is vigorously urged by the county that its motion in particular should have been granted. The evidence showed that the building used was an old, vacant, and dilapidated one, which had been unoccupied for a long time, and that Dr. Schug, as city health officer of the city of Tacoma, was notified of a case of smallpox in the city, and sent his assistant to look for a place to quarantine and care for the patient; that the assistant found this vacant house, and was authorized by Dr. Schug to take possession and fix it up for said purpose. The patient was afterwards taken there, as were also others. The action of Dr. Schug was afterwards fully ratified by the city board of health in open session. Dr. Helliker attended the patients at this house, and he was the county physician. He also testified that he was county health officer; but he says the possession of the house in question was taken by authority of the city health officer, and that he was afterwards directed by such city officer to go there and attend the patients. He further says that he had no authority from the county

board of health to take possession of the property, and there is no evidence that such board, when in session, ever took any action in regard to the matter. It is shown, however, that Dr. Helliker assisted in finding this house, in connection with a representative of the city health department, and that he afterwards caused the patients to be sent there, where he attended them in person. He also testified that on the same day of the selection of the house he reported to the chairman of the county board of health, and asked him how he was to care for the patients; to which the chairman replied that he should go ahead and use his best judgment, which he says he did. From the above it seems that it was properly a question for the jury whether these patients were county charges, and, if so, whether their treatment in this house by the county's physician was an occupation for the use of the county, and acquiesced in by the county authorities. In times of pestilence action must be promptly taken, and health boards may not be able to meet quickly for formal action. Some one should therefore have power to act. It was contended, on motion for new trial, that Dr. Helliker was not county health officer, and was only county physician. Even though that were true, if nevertheless he attended patients quarantined in this building, acting as county physician in behalf of those for whom the county assumed to care, we do not see that it was material whether he was a fully qualified health officer or not. There can be no doubt under the evidence that the motion for nonsuit by the appellant city was properly denied, and we think it was for the jury to say, from the facts in evidence, whether the appellant county acted in conjunction with the city in the seizure and occupation of this property. The nonsuit was properly denied as to both appellants.

It is assigned as error that the court admitted over objection the minutes of a meeting of the board of health of the city of Tacoma, for the reason that such record could not affect the county of Pierce. The court stated in the hearing of the jury, however, that the record was admitted merely as a circumstance; that the county could not be connected with the city except by the different steps and circumstances surrounding the case; and that it was admitted merely for that purpose. We do not think the county was prejudiced thereby.

It is further assigned that the court erred in overruling an objection to the introduction of a memorandum made by a health officer of the city of Tacoma, for the reason that it was incompetent, as against the appellant county, and, further, that it was not made from facts within the knowledge of the officer. The evidence was, however, afterwards stricken by the court, and the error was thereby cured.

Error is assigned upon the testimony as to the amount respondents are entitled to recover, and upon the court's instruction thereon. The building was destroyed by fire, but not by the authority of either appellant. When its use as a quarantine station was discontinued, it was fumigated and left standing, but was soon afterwards burned by some unknown person. Respondents' theory, as before stated, is that the value of the use is the whole value of the property, because no one would be willing to occupy it, notwithstanding its fumigation. The testimony of respondents was directed to the value of the property upon that theory, and was not directly limited to the value of its use in terms so called. Appellants also confined their evidence to the value of the property, and offered no different evidence as to the value of its use. The court instructed the jury as follows:

"The measure of damages in a case of this kind would be and will be what you believe from the evidence would be the fair and reasonable rental value of that property for the purpose for which it was taken and used. It is what damage the property sustained by reason of having been used for a pesthouse. And you must arrive at the measure of damages—ascertain the measure of damages—from the evidence, not from any preconceived notions of your own, but from the evidence brought out upon the trial, and from that come to your conclusion."

In view of the theory under which respondents' testimony was introduced, and also in view of appellants' testimony, we think the instruction was proper.

It is assigned that the court erred in refusing certain requested instructions, to the effect that before the jury could find against the appellant county they must find that the acts of Dr. Helliker in connection with taking possession of the property were expressly authorized by the board of county commissioners, or that such acts were subsequently ratified by them. As before stated, Dr. Helliker testified that he was the qualified health officer of the county; and if he was, we think, under the exigency calling for immediate action, he had sufficient power to act without express authorization by the board. The testimony was given without objection. The affidavits of the county commissioners in support of the motion for new trial state that Dr. Helliker was appointed as county physician only, and that he was never appointed health officer; but no reason is shown for not having introduced evidence upon this subject at the trial, and the evidence stands in the record that he was not only appointed by the county commissioners as county health officer, but that he also qualified as such. We think the intention of § 2983, Bal. Code, is to confer general and discretionary power upon county health officers in the premises;

and, under the evidence, it was not error to refuse·
the instructions requested.   The instructions given by
the court, we believe, reasonably stated the law within.
the issues and under the evidence.

Since we find no material error, the judgment is af-
firmed.

REAVIS, C. J., and FULLERTON, ANDERS, WHITE, and·
MOUNT, JJ., concur.