# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PEDRO NAVARRO,<br><br>　　　　　　　Appellant,<br><br>　　　　v.<br><br>KING COUNTY SHERIFF'S OFFICE<br>and DEPUTY SPENCER BOYD (in his<br>individual and official capacity),<br><br>　　　　　　　Respondents. | DIVISION ONE<br><br>No. 86659-1-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Washington courts have consistently rejected requests to establish an implied cause of action for damages directly based on an alleged violation of our state constitution. Pedro Navarro asks us to reject this precedent. We decline his invitation to do so. Accordingly, we affirm.

I

The allegations herein arose from a traffic stop initiated against Navarro by a King County Sheriff's Office deputy. No citation or fine resulted.

Navarro subsequently filed a complaint in King County Superior Court for monetary damages against the sheriff's office and the deputy based on, as pertinent here, an alleged violation of article I, section 7 of our state constitution. The sheriff's office moved to dismiss his complaint pursuant to CR 12(b)(6).

The trial court granted the motion. Navarro now appeals.

II

In requesting that we reverse the trial court's order dismissing his complaint, Navarro urges us to reject our well-established precedent and recognize an implied cause of action in tort arising from an alleged violation of our state constitution. In so doing, he relies on the United States Supreme Court's recognition of such an implied cause of action arising from an alleged violation of the federal constitution. Navarro's reliance is unavailing.[1]

It is a truism that "[t]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." Marbury v. Madison, 5 U.S. 137, 163, 2 L. Ed. 60 (1803). With regard to the protections of the federal legal system, the United States Supreme Court has recognized that "'where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.'" Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 392, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (quoting Bell v. Hood, 327 U.S. 678, 684, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). However, per the Court, "'[t]here is no body of Federal common law separate and distinct from the common law existing in the several states.'" Kansas v. Colorado, 206 U.S. 46, 96, 27 S. Ct. 655, 516 L. Ed. 956 (1907)

---

[1] Dismissal under CR 12(b)(6) is proper "only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove 'any set of facts which would justify recovery.'" Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007) (quoting Tenore v. AT & T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998)). "The purpose of CR 12(b)(6) is to weed out complaints where, even if that which plaintiff alleges is true, the law does not provide a remedy." Markoff v. Puget Sound Energy, Inc., 9 Wn. App. 2d 833, 839, 447 P.3d 577 (2019).

(quoting W. Union Tel. Co. v. Call Pub. Co., 181 U.S. 92, 101, 21 S. Ct. 561, 45 L. Ed. 765 (1901)).

Accordingly, in Bivens, the United States Supreme Court recognized the existence of an implied cause of action for monetary damages arising under the Fourth Amendment to the federal constitution to vindicate an alleged violation of a right granted by that constitutional amendment. 403 U.S. at 397. This was appropriate, according to the Court, because the petitioner had alleged injuries arising from a federal agent's violation of the Fourth Amendment to the federal constitution and there was "no explicit congressional declaration that persons injured by a federal officer's violation of the Fourth Amendment may not recover money damages from the agents, but must instead be remitted to another remedy, equally effective in the view of Congress." Bivens, 403 U.S. at 397.

With regard to the protections offered by our state's legal system, in contrast, our Supreme Court has long-recognized that "the common law prevails in this state except as modified by statute." State v. Mays, 57 Wash. 540, 542-43, 107 P. 363 (1910). Accordingly, when an appellant urged our Supreme Court to recognize a private right of action under article I, section 7 of our state constitution, the court declined to do so.

> We feel, at this time, that Plaintiffs may obtain adequate relief under the common law and that such actions are better addressed under the common law invasion of privacy action. Plaintiffs have not presented a reasoned or principled basis upon which to construct a constitutional cause of action, nor have they established why a constitutional cause of action is more appropriate than the common law cause of action which already exists. Because we hold Plaintiffs are entitled to maintain an action for

invasion of privacy under the common law, we decline to reach this issue in this case.

Reid v. Pierce County, 136 Wn.2d 195, 213-14, 961 P.2d 333 (1998).

Three years later, we were presented with a similar argument predicated on article I, section 5 of our state constitution. Rejecting that argument, we stated:

> Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations "without the aid of augmentative legislation." Sys. Amusement, Inc. v. State, 7 Wn. App. 516, 517, 500 P.2d 1253 (1972); see also Spurrell v. Bloch, 40 Wn. App. 854, 860-61, 701 P.2d 529 (1985); Reid v. Pierce County, 136 Wn.2d 195, 961 P.2d 333 (1998).

Blinka v. Wash. State Bar Ass'n, 109 Wn. App. 575, 591, 36 P.3d 1094 (2001). We concluded that "[t]he same reasoning has direct applicability to this case" because of the "lack of legislative guidance on this issue, and considering Washington courts' consistent refusals to recognize a cause of action in tort for constitutional violations." Blinka, 109 Wn. App. at 591.

We decline Navarro's request to recognize an implied cause of action arising from an alleged violation of our state constitution. The protections offered by the federal legal system are distinct from those offered by the legal system of our state, and we have repeatedly rejected requests to recognize the type of cause of action sought by Navarro. See, e.g., Reid, 136 Wn.2d at 213-14 (CONST. art. I, § 7); Blinka, 109 Wn. App. at 591 (CONST. art. I, § 5); Spurrell, 40 Wn. App. at 860-61 (CONST. art. I, § 3); Sys. Amusement, 7 Wn. App. at 517 (CONST. art. I, § 3). In the absence of legislative modification, our common law provides sufficient protection for his alleged injury. Reid, 136 Wn.2d at 213-14.

4

Thus, Navarro fails to state a claim for which relief may be granted.[2]

Accordingly, the trial court did not err by dismissing his complaint.

Affirmed.

Dwyer, J.

WE CONCUR:

Díaz, J.

---

[2] Given this resolution, we need not address Navarro's remaining assertions.